CAROLINE E. TOOLE *vs.* JOHN G. BECKETT.

Washington.    Decided January 3, 1878.

*Landlord and tenant.*

·An action lies by a tenant of a store, being the lower story of a building, against a landlord who has the care and control of the upper stories, for an injury to his goods, caused by the rain descending through the roof down upon the store below, if the accident happens through the negligence of the landlord in his management of the part of the building under his own control.

ON REPORT.

.CASE, stated in the opinion.

*J. Granger & G. F. Granger*, for the plaintiff.

*J. G. Beckett, pro se*, submitted without argument.

PETERS, J. The facts are these: The plaintiff hired the lower portion of a building of the defendant for a store, the upper portion remaining in the possession of the defendant and under his care and control. A rain storm poured a great volume of water between the roof and the chimney down upon the plaintiff's goods, causing some injury. The charge is that the defendant was guilty of negligence, either on account of the original construction of the roof or in the way and manner of maintaining it. The case, both of law and fact, is referred to the court.

It is well settled that in a lease of real estate no covenant is implied that the lessor shall keep the premises in repair or otherwise fit for occupation. *Libbey* v. *Tolford,* 48 Maine, 316. But that is not this case. Here, the plaintiff had no care or control of the roof and had no right to intermeddle with it. The defendant had such care and control, for the benefit of himself and all his tenants. By implication, he undertakes so to exercise his control as to inflict no injury upon his tenants. If he does not exercise common care and prudence in the management and oversight of that portion of the building which belongs to his especial supervision and care, and damages are sustained by a tenant on that account, he becomes liable for them. He is responsible for his negligence. *Priest* v. *Nichols,* 116 Mass. 401. *Kirby* v. *Boylston Market Ass.* 14 Gray, 249. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149. *Norcross* v. *Thoms,* 51 Maine, 503.

We think the facts warrant a finding against the defendant. The storm, though a severe one, was not so extreme that it might not have been reasonably anticipated as likely to occur ; nor was it so overpowering and unusual that the cause of the accident should be regarded, according to the definition adopted by writers, as an act of God or *vis major.*

> *Defendant defaulted for* $150 *and interest from date of writ.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.