McCracken vs. The Village of Markesan.

McCracken, Appellant, vs. The Village of Markesan, Respondent.

76 499
97 527

*March 25 — April 8, 1890.*

*Municipal corporations: Defective sidewalk: Personal injuries: Contributory negligence: Intoxication: Evidence.*

1. In an action for personal injuries caused by falling upon a defective sidewalk, the jury having found that the walk was in such a condition that a person using ordinary care and prudence could walk over it without danger of falling, the testimony of nine witnesses that the plaintiff was intoxicated at the time was sufficient to sustain a further finding that his negligence and intoxication contributed to his injury.
2. There being evidence that the plaintiff was intoxicated, and he having denied it, it was not error to allow him to be asked, on cross-examination, whether he was not in the habit of getting drunk.

APPEAL from the Circuit Court for *Green Lake* County.

Action to recover damages for personal injuries alleged to have been caused by the defective condition of a sidewalk in the defendant village. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment in favor of the defendant.

For the appellant there was a brief by *Waring & Niskern*, and oral argument by *T. W. Spence*.

For the respondent the cause was submitted on the brief of *Gabe Bouck*.

Orton, J. The plaintiff, while passing along on the sidewalk of one of the streets of said village, slipped and fell, either on the sidewalk or in trying to avoid the defect therein, in consequence of the defective condition of said walk by reason of the accumulation of snow and ice thereon, and was badly injured. As a part of their special verdict, the jury found that "the defendant was guilty of negligence in not keeping the sidewalk in proper condition," and that

such defective condition had existed so long that the defendant ought to have known it.   But, on the other hand, the jury found also that " the plaintiff was guilty of a want of ordinary care and prudence which directly contributed to the injury," and that " the plaintiff, at the time he received the injury, was so intoxicated as to be incapable of managing and conducting himself with ordinary care and prudence," and that " this incapacity of managing and conducting himself with ordinary care and prudence, by reason of such intoxication, contributed to the injury," and that " the plaintiff did not fall by reason of the rough and uneven condition of the sidewalk."   On the special verdict the court rendered judgment for the defendant, dismissing the complaint.

There were many exceptions taken by the appellant to the admission and rejection of evidence, and to the instructions given and refused, but there was only one exception relating to the contributory negligence of the plaintiff.   If there was testimony that warranted the jury in finding that the plaintiff's negligence and intoxication contributed to his injury, he could not recover, whatever the evidence, instructions, or exceptions relating to other matters may be.   The only questions to be considered are therefore: (1) Whether there was evidence to sustain such findings; and (2) whether there was improper testimony admitted on that question against the objection of the appellant.

The jury found that the sidewalk was in such a condition that a person using ordinary care and prudence could walk over the same without danger of falling down.   The testimony of nine different witnesses was that the plaintiff was intoxicated at the time.   There was therefore sufficient evidence to warrant the jury in finding that the plaintiff's negligence and intoxication contributed to his injury, and that is sufficient on the first point.

The only testimony that was received against appellant's

objection on that subject was upon cross-examination of the plaintiff himself. He had testified that "he was not drunk at the time that he knew of, and had not been drinking that afternoon, to his recollection." He was then asked by the defendant's counsel: "Are you not habitually in the habit of getting drunk?" This was objected to by plaintiff's counsel, and the objection was overruled, and exception taken. He answered that he was not, and the question was not, therefore, very material. The question seems to have been proper on such cross-examination, as tending to show at least a probability that the plaintiff was drunk at the time, and that his testimony to the contrary was not true. If he had been habitually in the habit of getting drunk, it would be very probable that he was drunk then, and that drunkenness was his habitual condition. It would tend to corroborate the testimony that he was drunk at the time, which had been contradicted by himself and was afterwards disputed by another witness.

These findings of the plaintiff's contributory negligence would prevent his recovery, if all the other findings had been in his favor. All the other exceptions, therefore, are immaterial, and need not be considered. *Hassa v. Junger*, 15 Wis. 598; *Pitzner v. Shinnick*, 39 Wis. 129; *Fitzgerald v. Weston*, 52 Wis. 354.

*By the Court.*— The judgment of the circuit court is affirmed.