Ward v. Fagin.

## WARD et al. v. FAGIN, Appellant.

1. **Landlord and Tenant:** REPAIRS: DAMAGES. A landlord is not bound to keep the leased premises in repair, in the absence of an agreement to do so, and he is not responsible in damages for injury to the person or property of the tenant resulting from a failure to repair the leased premises.

2. ———: ———: ———. Any injury to the leased premises, and thereby to the tenant, caused by the negligent act of third persons, cannot create a liability against the landlord which had no existence prior to such negligent act. This is true, whether the tenant be lessee of the whole or only a part of the leased premises.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED.

*Rochester Ford* for appellant.

The third instruction given for plaintiffs was erroneous for the following reasons: (1) Between landlord and tenant there is no implied covenant on the part of the landlord that the premises are fit for the particular use which the tenant intends to make of them, or that the building will endure during the entire term. In the absence of a covenant, the landlord is not bound to keep the rented premises in repair, and is not liable for an injury to tenant due to non-repair. *Peterson v. Smart*, 70 Mo. 38; *Morse v. Maddox*, 17 Mo. 573; *Brewster v. DeFremery*, 33 Cal. 341; *Ryan v. Dockery*, 23 Mo. App. 313. (2) The wall which fell was not in the possession of the landlord, but was directly connected with the leased premises, so that for damages resulting from the fall of said wall defendant is not liable. Wood's Land. & Ten. [2 Ed.] 873; *Humphrey v. Wait*, 22 U. C. C. 580; *Way v. Hedges*, 9 Q. B. Div.

80 ; *Purcell v. English*, 86 . Ind. 34 ; *Krueger v. Ferrant*, 29 Minn. 385 ; *Peterson v. Smart, supra ; Ryan v. Dockery, supra ; Joyce v. DeGiverville*, 2 Mo. App. 596 ; *Brewster v. DeFremery, supra ; Sherwood v. Seaman*, 2 Bosw. 132 ; *Witte v. Quinn*, 38 Mo. App. 681. ( 3 ) In the absence of a covenant on the part of the landlord, he is liable to the tenant for misfeasance only, and not for nonfeasance, or for the acts of a third person. *Morse v. Maddox, supra ; Watkins v. Goodall*, 138 Mass. 533 ; Taylor's Land. & Ten. [ 8 Ed. ] 185a. ( 4 ) The condition of the wall was known to plaintiffs as fully as to defendant, and, if plaintiffs remained with full notice and knowledge of all the facts, they cannot recover. ( 5 ) The court erred in refusing defendant's fourth instruction.

*J. L. Hornsby* and *J. W. Riddle* for respondents.

( 1 ) The possession of common passageways, common stairways, roofs and walls of buildings, in which the several parts are let to different tenants, is still in the landlord, to the extent that, as between him and his tenants, he is bound to keep the same in repair. Where a portion of a building is let, and the tenant has the right of passageway over staircases and entries in common with the landlord and other tenants, all that portion of the building not expressly let is under the control of the landlord, and he is bound to keep the same in repair. As to such portion he still retains the responsibility of general owner to all persons, including the tenants of his building. *Looney v. McLean*, 129 Mass. 33 ; *Priest v. Nichols*, 116 Mass. 401 ; *Watkins v. Goodall*, 138 Mass. 533 ; *Stockwell v. Hunter*, 11 Met. 448–455, *et seq.; Milford v. Holbrook*, 9 Allen, 17 ; *Toole v. Beckett*, 67 Me. 544 ; *Eagle v. Swayze*, 2 Daly ( N. Y. ) 140 ; *Bald v. O'Brien*, 12 Daly, 160 ; *Straub v. Soderer*, 53 Mo. 38 ; *Gilloon v. Reilly*, 10 Cent. Rep. ( N. J. ) 428. ( 2 ) Where a landlord retains possession of part of a building, he is bound to keep the part retained by him in

proper repair and condition, so that the tenant will not, through the landlord's fault or negligence, be damaged or injured, either in his person or goods.   Wood on Landlord and Tenant, secs. 383-384 ; *Toole v. Beckett*, 67 Me. 544 ; *Looney v. McLean, supra,* and other cases, *supra.*   ( 3 )   In all such cases the landlord's liability grows out of the fact that he impliedly covenants not to do any act that will render the demised premises untenable, and to so exercise his control over the parts of the premises retained by him as to inflict no injury upon his tenants.   Wood on Landlord and Tenant, sec. 384 ; *Toole v. Beckett, supra.*

SHERWOOD, J.—This cause arose in a justice's court, was appealed to the circuit court and from there to the St. Louis court of appeals, and from thence transferred to this court under the provisions of the constitutional amendment of 1884.

It is a suit by a subtenant to recover from a lessee ( his lessor ) of certain property damages for injury to said subtenant's stock of goods situated in the room rented.   The terms of the first lease are not alleged nor disclosed, but it appears from the evidence that there was a lot of ground on which the Odd Fellows Association was having an excavation made ; that between said lot and plaintiffs' premises was an alley, seven and one-half feet wide ; that defendant had enjoined said Odd Fellows Association from interfering with said alley ; and that the injury to plaintiffs' goods arose from said excavation being extended two and one-half feet into said alley and striking an unknown sewer.

The   only allegation of negligence is that the defendant knowingly and wilfully permitted plaintiffs to remain in said premises while the same were in an unsafe condition ; and the evidence shows that plaintiffs when the accident happened knew that said excavation was being made.

The evidence for the plaintiffs was substantially as follows : Gus A. Ward, one of the plaintiffs, testified that plaintiffs were partners in the cigar and liquor business, and rented a room in the building, 812 Olive street, of defendant for twelve dollars per month ; that on June 12, 1886, the west wall of said building fell down and caused the furniture and stock in plaintiffs' room to be damaged in the sum of two hundred and fifty dollars ; that he supposed the wall fell because of the excavation being made by the Odd Fellows Hall Association ; that he did not know the building was unsafe, but knew an excavation was being made for the Odd Fellows Association.

Richard Brown testified that he was the contractor who made the excavation for the Odd Fellows Hall Association ; and that there was an alley, seven feet and a half wide, between defendant's building and the property of the association ; that defendant spoke to him of some notice which he had received regarding the excavation, and told him that he had put Mr. Clark, defendant's son-in-law, in charge of the property ; that there was quite a bank of earth on defendant's side of the alley ; that Mr. Clark tried to engage witness to remove said earth, but defendant had enjoined witness from interfering with said alley ; that the wall which fell was built separate and apart from the main building, with a stairway between, and was built over a sewer, and when witness dug below said sewer the water seeped out and caused the wall to fall ; that witness put the footings for the building of the association two feet and seven inches in the alley. The witness also testified that he and his son made the excavation for the association, and that if the excavation had not been made the wall would not have fallen.

There was also other testimony from another witness of a similar import as to the cause of the fall of the wall. It was shown also that the defendant's agents had received notice in March, 1886, from the Odd Fellows

Hall Association that they would immediately proceed to excavate their ground situate just across the alley from the property leased by defendant.

Among other instructions the court gave this one on behalf of the plaintiffs :

"If you find from the evidence that, on June 12, 1886, plaintiffs were tenants of defendants and as such in possession of a room in the building, 812 Olive street, using the same as a sample or storeroom, and that defendant, after having been notified of the intended excavation near said building before said date, failed and omitted to shore up or protect said building, and that because of such omission the said building fell, and that it would not have fallen had defendant exercised ordinary care to protect same after said notice and before said fall, and that the goods and property of plaintiffs were damaged by said fall of said building, then your verdict should be for the plaintiffs on their cause of action."

The defendant asked, but the court refused to give, an instruction in the nature of a demurrer to the evidence. The jury returned a verdict giving damages to the plaintiffs, and, judgment going on the verdict, the defendant appealed.

The controlling question in this cause is the right of the plaintiffs to maintain this action. On the facts stated have they such a right?

Aside from an express covenant to that effect, a landlord is not bound to keep the leased premises in repair, nor is he responsible in damages to his tenant for injuries resulting to the latter from the non-repair of the leased premises. In the absence of contractual obligation, the landlord, as regards his tenant, is only liable for acts of misfeasance, but not of nonfeasance. This statement of the law is abundantly supported by the authorities, and in this state from an early period the familiar rule has been followed. *Morse v.*

*Maddox,* 17 Mo. 573, and cas. cit.; the same principle is announced in the later case of *Peterson v. Smart,* 70 Mo. 38.

Of course, if the landlord is not bound to repair unless upon covenant so to do, it must logically follow that any injuries arising from a failure on his part to repair can give no cause of action to the tenant, whether resulting to the tenant's *goods* or to his *person.*

If the landlord owes no duty to his tenant in this regard, then certainly negligence cannot be imputed to him; for negligence can only spring from unperformed duty. Cooley on Torts [2 Ed.] 791; *Hallihan v. Railroad,* 71 Mo. 113. And, if it be conceded, as it must from the authorities, that the landlord is not bound to keep the leased premises in repair, the same principle will apply whether the tenant be lessee of the whole premises or of only a portion thereof; for what is true of the integer of non-liability must be equally true of each of its component fractions.

From the same premise, to-wit, that a landlord is not bound to repair, it must follow as a necessary deduction that any injury to the leased premises and through them to the tenant, caused by the negligent acts of third persons, cannot create or cast on the landlord a liability which, prior to such negligent act, had no existence. That a landlord is not responsible in cases of this sort to rebuild or repair where a tenant was but the lessee of a portion of the tenement house, and such house was damaged by fire, and thus loss occasioned to the tenant's goods, has been directly adjudicated. *Doupe v. Genin,* 45 N. Y. 119. In another case, *Howard v. Doolittle,* 3 Duer, 464, it was expressly ruled that the lessor was not responsible for the expenses incurred in shoring up a building leased by him, in order to prevent injuries thereto, by the removal of a building by the adjoining proprietors.

In *Sherwood v. Seaman,* 2 Bosw. 127, the landlord had leased to a tenant the building on lot 252, for a

saloon and restaurant, for a term of three years. Gros-venor, the owner of lot 251, notified the landlord of 252 that he intended to excavate lot 251 to lay the foundation of a building thereon, in the course of which excavation the building on lot 252 fell, and destroyed the lessee's furniture and fixtures to a large amount, and upon these facts it was ruled that the landlord was not liable. .

So, too, in California, in similar circumstances, the tenant was killed by the falling walls of the building he occupied, in consequence of an excavation being made on an adjoining lot by the coterminous proprietor; and, although the landlord of the building had due notice of the excavation, and that, in consequence thereof, the wall would fall unless proper means were taken to prevent it, and none were taken, yet it was ruled that the landlord was under no obligation to uphold or to repair, and, there being, therefore, no breach of duty, on his part, no action could be maintained against him by the administratrix of the decedent for damages for the alleged negligent act aforesaid. *Brewster v. DeFremery*, 33 Cal. 341. Authorities on this point and illustrative of the general principle here involved might be greatly multiplied. The industry of counsel for defendant has collated many of them.

An elaborate discussion of this subject will be found in 6 American Law Review, 614, in which it would seem that most of the authorities then extant are reviewed. The cases of *Looney v. McLean*, 129 Mass. 33, and *Toole v. Beckett*, 67 Me. 544, are not in harmony with well-considered cases elsewhere, and the principle announced in those cases has been repudiated: *Krueger v. Ferrant*, 29 Minn. 385; Indiana, *Purcell v. English*, 86 Ind. 34; and Wisconsin, *Cole v. McKey*, 76 Wis. 500. The like position is taken in Canada. *Humphrey v. Wait*, 22 U. C. C. P. 580. ·

There is nothing in the circumstances of this case to exempt it from the operation of the general rule

heretofore announced. Adhering to that rule the instruction heretofore set forth must be condemned as erroneous, and, as the plaintiffs have no standing in court, we reverse the judgment, but do not remand the cause for retrial. All concur, except BARCLAY, J., not sitting.