# Charlie's Transfer Co. *v.* Malone.

*Action for Damage to Goods on Account of Defective Water Pipe.*

(Decided Feb. 3, 1909.   48 South. 705.)

1. *Landlord and Tenant; Leased Premises; Injuries From Defects.* —A tenant takes premises in the condition in which they are when leased, and the landlord is not liable to the tenant for injury to the tenant's property resulting from the unsafe condition of the premises unless the landlord has agreed to repair or has misrepresented the condition of the premises; and this is true, whether the tenant rents all or only a part of the premises.

2. *Same; Injuries from Defective Condition; Complaint.*—Counts which allege that plaintiff leased the lower story of the defendant's building; that there were pipes running through a portion of the building to convey water to the second floor and that one of them burst, and water leaked through the second story on plaintiff's goods; that defendant was negligent in that the pipes were defective and unsound, and that it was the duty of defendant to keep the pipes in a sound condition, and on account of his failure they burst, charged negligence in that the pipes were defective, and are, therefore, demurrable on account of a failure to show a covenant to repair, an agreement in respect to the condition of the building or a misfeasance on the part of the landlord.

3. *Same; Pleading.*—The averment that the defendant landlord was the owner of the premises and had charge and control of the water pipes, by and through her agent, and knew that said pipes were defective and unsound and negligently failed to repair the same is not equivalent to an averment that the pipes were defective at the time of the lease or negative the fact that the tenant knew it, and made no effort to ascertain the condition of the premises.

4. *Same.*—In an action by a tenant of the first floor of the building against the landlord for injuries from water pipes bursting on the second floor, a count which avers that the landlord had at the time the care and charge of keeping such pipes in repair and good order; that it was her duty to do so, and in the exercise of such care and charge defendant failed to keep said pipes in good order and was negligent in using weak and defective pipes, and that by reason thereof, the pipes burst or leaked, and that such negligence is the proximate cause of the damages, being on the theory of a failure to keep in repair a portion of the building not rented to plaintiff is demurrable for failing to aver knowledge or notice of the defect on the part of the defendant.

5. *Pleading; Conclusions.*—An averment, in an action by a tenant against a landlord for damages from the bursting of a water pipe, that it was the duty of defendant to keep the pipes in a sufficiently

safe condition so as to safely convey water, except by way of conclusion averred no duty on the landlord.

6. *Same; Construed Against Pleader.*—The words, charge and control, as used in the counts of the complaint are susceptible of being construed as referring to the time when the lease was made, and will be so construed as against the pleader.

7. *Same; Complaint; Reference to Other Counts.*—Where a count in a complaint is rendered unintelligible by reference to another count, which was perhaps inadvertently put in, the court cannot change the writing but must read it as found.

8. *Negligence; Condition and Use of Premises; Care Required in General.*—Where the complaint is by the occupant of the lower floor of a building against the occupant or a person in control of the upper floor for damages by the bursting of a water pipe on the second floor, based on the duty of one to so use his property as not to injure another, it need not aver the relationship between the parties, whether that of tenant or landlord, or that of distinct ownership.

9. *Same; Complaint.*—A complaint alleging that plaintiff was lawfully in possession of stores on the grade floor of a certain building and had a large quantity of goods stored therein; that defendant was the owner and had charge of certain lavatories and the pipes used to convey water to the same; that said pipes were defective, unfit to convey water with safety, and that they burst and water flowed througn on plaintiff's goods; that defendant had notice of the defective condition of the pipes several days prior to their bursting, and that their bursting would be liable to injure plaintiff's goods; that defendant was the owner, had the care and control of said hallway along which the pipes ran, and of the lavatory and pipe, but negilently failed to keep said pipes in repair, and that as a result, etc., plaintiff was damaegd, states a cause. of action of duty of one to so use his property as not to injure others, and is not demurrable.

(Tyson, C. J., Denson and Anderson, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Charlie's Transfer Company against Mrs. S. C. Malone for damages to goods on account of defective water pipes. Judgment sustaining demurrers to the complaint, and plaintiff appeals. Reversed and remanded.

The complaint was as follows:

"(1) Plaintiff claims of defendant the sum of $600 as damages, for that heretofore, to wit, plaintiff rented and leased out to defendant from October 1, 1904, to September 30, 1905, two storehouses on the grade floor of a building, said building being located in the city of Bir-

mingham, state of Alabama, and known as No. 1908 and No. 1910 Avenue D, Southside; the aforesaid storehouses to be used by plaintiff as a warehouse. The plaintiff occupied said aforesaid storehouse according to the terms of said lease on, to wit, October 1, 1904, and stored in said storehouse No. 1908 a large quantity of household goods, furniture, and things of value of various kinds; said property being rightfully and lawfully in possession of the plaintiff.. That the defendant was the owner of said storehouse No. 1908, and of the afore said building, and that there were pipes running through a portion of said building for the purpose of conveying water to or from the closet or lavatory on the second floor in the aforesaid building. That on, to wit, the 22d day of November, 1904, one or more of the aforesaid pipes which conveyed water to or from the lavatory or closet in the rear end of the hallway on the second floor of the aforesaid building burst, and a large quantity of water escaped therefrom, and leaked through the second story of the aforesaid building, and upon the aforesaid household goods, furniture, and things of value, which were stored in the aforesaid storehouse No. 1908 by the plaintiff, said household goods and furniture, being then and there rightfully and lawfully in possession of the plaintiff, and by reason whereof a large portion of aforesaid household goods, furniture, and things of value were destroyed, and a large portion of them injured. The plaintiff avers that defendant was negligent, in that the pipe or pipes used to convey water to or from the lavatory or closet in the rear end of the hallway on the second floor of the aforesaid building were defective and unsound. [Here is inserted by way of amendment the following: "That it was the duty of said defendant to keep said pipes in a sufficiently safe and sound condition so as to safely convey water to and from its lavatory

and closets. That the defendant negligently failed to do so."] And by reason whereof aforesaid pipe or pipes burst, and water escaped from or leaked through the second story of said building, and upon the aforesaid property which was stored in said storehouse No. 1908 by the plaintiff, to its damage as aforesaid." .

(2) Same as 1, down to and including the words, "and another large portion of them were injured," where they occur together in said count, and adding the following: 'And plaintiff avers (amendment as follows: "That the defendant was the owner of said premises, and had charge and control of said pipes through her agents, and knew that said pipes were defective and unsound, and negligently failed to repair same.") That the defendant was negligent in using or allowing to be used a defective or unsound pipe or pipes in aforesaid building, for the purpose of conveying water to or from the lavatory in the rear end of the hallway in the second story of aforesaid building, and by reason whereof said pipe or pipes burst, and water escaped therefrom, and flowed through the second story of aforesaid building, and upon aforesaid property stored in storehouse No. 1908 by the plaintiff, to its damage as aforesaid."

(3) Same as 1, down to and including the words, "and injured another large portion of them," where they occur together in said count, and adds: "The plaintiff avers that it has been damaged by reason of the negligence, in that the defendant used a defective or unsound pipe or pipes for the purpose of conveying water to or from the lavatory or closet in the rear end of the hallway on the second floor of the aforesaid building. That the said pipe or pipes were unable to hold or control said water, and by reason whereof said pipe or pipes burst, and water escaped or leaked through the second story of aforesaid building, and upon the aforementioned proper-

ty which was stored in storehouse No. 1908 by the plaintiff"

The fourth and amended count is as follows: "The plaintiff adopts all of the first count down to and including the words, 'and another large portion of them were injured,' and adds the following: 'The plaintiff avers that the defendant had at the said time the care and charge of keeping said pipes which conveyed water to and from the lavatory and closet on said second floor of said building in repair and good order, and that it was her duty to do so. The plaintiff avers that the defendant, in the exercise of such care and charge over said water pipes, failed to keep said pipe in good order, and was negligent, in this: That she used weak and defective pipe on second floor to convey water to and from said lavatory or closet. That by reason of said negligence in so using said defective pipes they burst or leaked, and large quantities of water flowed therefrom and leaked through the second floor of said building into the plaintiff's store and upon his goods and things of value stored therein, to his damage as aforesaid. The plaintiff further avers that the negligence of the defendant in the control and management of her said water pipes and lavatory on the second floor was the proximate cause of the damage caused the plaintiff.'

"(5) Plaintiff claims of the defendant the sum of $600 as damages aforesaid, for that heretofore, to wit, on the 22d day of November, 1904, and for several weeks prior thereto, plaintiff was lawfully and peaceably in possession of two stores on the grade floor of a building known as No. 1908 and No. 1910, Avenue D, Southside, in the city of Birmingham, and on said date had stored therein in storehouse No. 1908 a large quantity of household goods, furniture, and things of value of various kinds, which said property was then and there rightfully

and lawfully in the possession of the plaintiff. That the defendant, on, to wit, said date, was the owner and had charge, care, and control of certain closets and lavatories and the pipe used to convey water to and from the same, which she operated at the rear end of a hallway which ran through the center of the second floor in said building. That the said hallway, closets, and lavatories were operated by the defendant for the use of all her tenants in common who occupied said second floor. That there were water pipes running along said hallway, which conveyed water to and from said lavatory, and that the said pipes were defective, unsound, and unfit to convey water with safety to and from said lavatory, and that by reason of said defective condition of said pipes they burst on, to wit, the 22d day of November, 1904, and large quantities of water escaped and flowed therefrom upon said hallway, and through the second floor, and upon the said household goods, furniture, and things of value of the plaintiff, thereby destroying a large portion of them and materially injured another large portion of them. The plaintiff avers that the defendant was negligent in using and caring for said defective pipes as aforesaid, and further avers that the said negligent use and care of said pipes as aforesaid by defendant was the proximate cause of its damage as aforesaid."

(6) Same as fifth, down to and including the words, "and materially injured another large portion of them," and adds: "The plaintiff avers that defendant had notice of the defective condition of said pipe several days prior to the bursting of same, and that the bursting of same would be liable to result in injury to plaintiff's goods. That she was the owner and had the care and control of said hadllway, lavatory, and pipes, but nevertheless negligently failed to keep said pipes in repair;

and plaintiff avers that as a proximate result of said negligence plaintiff was damaged as aforesaid.

"(7) The plaintiff adopts all of the first count thereof, down to and including the words, 'and materially injured a large portion of them,' and adds: 'The plaintiff avers that the defendant was in possession, and the owner and had care and control of said hallway, pipes, and lavatory, and that it was her duty to keep same in a reasonably safe condition (in such a condition as not to injure the property of the plaintiff by their use), and that she negligently failed to so keep same. The plaintiff avers that said negligence was the proximate cause of plaintiff's damages as aforesaid.' "

The grounds of demurrer take the points decided in the opinion.

CHARLES J. DOUGHERTY, for appellant. The law charges the owner of property with the duty of using it so as not to injure the property of another.—*Crommelin v. Coxe*, 30 Ala. 318; *Moody v. McClellan*, 39 Ala. 45; *Watson v. Oxanna Land Co.*, 92 Ala. 320; *Buckley v. Cunningham*, 103 Ala. 449; *Meyer v. Hutchinson*, 104 Ala. 611; 89 N. Y. 245; 115 Wis. 447; 71 Miss. 10; 116 Mass. 401; 44 Ga. 529; 18 A. & E. Ency of Law, 220; 46 Am. Dec. 667. The property is sufficiently described in each count of the complaint.—*Hayes v. Crutchfield*, 7 Ala. 189; *Thompson v. Pearce*, 49 Ala. 210; *M. & E. R. R. Co. v. Culver*, 75 Ala. 589; *Joseph v. Henderson*, 95 Ala. 213; *Harris v. Russell*, 93 Ala. 59. The owner of property is charged with knowledge of its condition.—*Crommelin v. Coxe, supra; Lindsey v. Leighton*, 150 Mass. 285. The allegations of negligence are sufficiently specific.— *Leech v. Bush*, 57 Ala. 45; *L. & N. v. Jones*, 130 Ala. 470. The owner is bound to keep it in repair.—18 A. & E. Ency. of Law, 219; 14 L. R. A. 238; 116 Mass. 401.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. In the absence of an agreement between the parties the landlord is under no obligations to the tenant to keep the premises in repair.—*Buckley v. Cunningham,* 103 Ala. 452; *Bullock v. Coleman,* 136 Ala. 613; *Burkes v. Bragg,* 89 Ala. 204; 18 A. & E. Ency of Law, 215. There is no sufficient allegation of negligence.—*Johnson v. Birmingham R. L. & Co.,* 43 South. 34; *City D. Co. v. Henry,* 139 Ala. 161. The facts alleged do not import any duty upon the landlord.—*Buckley v. Cunningham, supra;* 18 A. & E. Ency of Law, 218-220; 33 Cal. 341; 86 Ind. 34; 139 Mich. 628; 59 Minn. 156; 29 Minn. 385; 71 Miss. 10; 101 Mo. 669; 66 W. 500; 4 Exch. 163; 19 L. J. Exch. 170.

DENSON, J.—The plaintiff rented or leased from the defendant the ground-floor rooms, of a two-story building. Water pipes ran through the building for the purpose of conveying water to and from a closet or lavatory located in the rear end of the building on the second floor. One or more of the pipes burst, and as a consequence plaintiff's goods, located in the rented rooms below, were flooded and damaged; hence this suit against the landlord. The doctrine seems to be well established, upon reason and authority, that a tenant takes leased premises in the condition in which they happen to be when leased, and that the landlord is not liable to the tenant for injuries resulting from the unsafe condition of the premises, unless he has contracted to repair or has misrepresented the premises; and this is true, whether the tenant rent the whole, or only a part, of the premises.

In *Cowen v. Sunderland,* 145 Mass. 363, 14 N. E. 117, I Am. St. Rep. 469, the Supreme Court of Massachusetts, after stating the rule substantially as we have stated it

[Charlie's Transfer Co. v. Malone.]

above, adds: "There is an exception to this general rule, arising from the duty which the lessor owes the lessee. This duty does not spring directly from the contract, but from the relation of the parties, and it is imposed by law. When there are concealed defects, attended with damage to an occupant, and which a careful examination would not discover, known to the lessor, the latter is bound to reveal them, in order that the lessee may guard against them. While the failure to reveal such facts may not be actual fraud or misrepresentation, it is such negligence as may lay the foundation of an action against the lessor, if injury occurs." The Supreme Court of Missouri, in *Ward v. Fagin,* 101 Mo. 669, 14 S. W. 738, 10 L. R. A. 147, 20 Am. St. Rep. 650, makes this succinct statement of the rule of liability of the landlord or lessor: "Aside from an express covenant to that effect, the landlord is not bound to keep the leased premises in repair, nor is he responsible in damages to his tenant for injuries resulting to the latter from the nonrepair of the leased premises. In the absence of contractual obligation, the landlord, as regards his tenant, is only liable for acts of misfeasance, but not of non-feasance."—*Hamilton v. Feary,* 8 Ind. App. 615, 35 N. E. 48, 52 Am. St. Rep. 485, 492. The decisions of the New York courts are to the same effect. Thus in *Franklin v. Brown,* 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744, 746, it is said: "It is uniformly held in this state that the lessee of real property must run the risk of its condition, unless he has an express agreement with lessor covering that subject. The tenant hires at his peril, and a rule similar to that of 'caveat emptor' applies, and throws on the lessee the responsibility of examining as to the existence of defects in the premises, and of avoiding against their ill effects." Again in *O'Brien v. Capwell,* 59 Barb. (N. Y.) 504, it was said:

"As between landlord and tenant, where there is no fraud, false representations, or deceit, and in the absence of an express warranty or covenant to repair, there is no implied covenant that the demised premises are suitable or fit for occupation, or for the particular use which the tenant intends to make of them, or that they are in a safe condition for use."—*Murray v. Albertson,* 50 N. J. Law, 167, 13 Atl. 394, 7 Am. St. Rep. 787 ; *Jones v. Millsaps,* 71 Miss. 10, 14 South. 440, 23 L. R. A. 155. Authorities to the same effect, from other jurisdictions, could be cited ad infinitum.

But we come to the decisions of our own court.—*Burks v. Bragg,* 89 Ala. 204, 7 South. 156, was an action against a tenant for rent due. The defendant pleaded set-off and recoupment, claiming damages on account of injury to his goods, during the lease term, caused by defects in the roof and gutters of the rented house, and plaintiff's failure to make repairs. Speaking to the substantive law of the case, this court said: "No duty devolved upon the landlord to make any repairs on the premises, unless there was an agreement to make them. The tenant would take the storehouse at his own risk, as to fitness for habitation or use, whatever its condition may have been at the time." The same principle is enunciated in *Bullock, etc., Co. v. Coleman,* 136 Ala. 610, 613, 33 South. 884. The case of *Buckley v. Cunningham,* 103 Ala. 449, 15 South. 826, 49 Am. St. Rep. 42, was an action by a tenant against his landlord to recover damages resulting from the bursting of a water pipe. The upper story of the building was unoccupied, and was under the exclusive control of the landlord. The negligence averred was "that the defendant negligently failed to provide a shut-off for said water pipe, so that the water in said pipe could be shut off." The defenses were not guilty, and contributory negligence. After deciding that there

was no evidence to show that defendant's fault, if such it was, proximately contributed to plaintiff's injury, the court, speaking through Coleman, J., said: "Moreover, we are of opinion that every man has a perfect right, in the matter of water pipes or other conveniences, to construct his own buildings according to his own preference, either with or without them. There being no latent defects, or fraud or concealment, a tenant takes a building as it is, regulating the price according to the value, increased or diminished by its condition and conveniences. If the building or room has a water pipe through it, and there is no stop or waste cock, the tenant knows it when he rents the building, fixes its rental value accordingly, and, unless it is provided otherwise by contract, he assumes the risk incident to its condition." Several authorities are cited to support the proposition, amongst them being the case of *Cowen v. Sunderland*, from which we have quoted above.

In the light of the principles above adverted to, we experience no difficulty in reaching the conclusion that the demurrer to original counts 1, 2, and 3. was properly sustained. Each of the counts fails to show any covenant to make repairs, or agreement in respect to the condition of the building. Nor is misfeasance on the part of the landlord alleged; the gravaman of the counts being negligence of the landlord, in that the water pipes were defective and unsound. Neither of them shows a breach of any duty owing by the defendant to the plaintiff.

The record contains three separate amendments to the complaint, filed on January 3, 1906. The first of the amendments appears on page 4 of the record, and is an amendment only to count 1. If the amendment makes any material change in count 1, it does not appear from

the count as amended, except by the conclusion of the pleader, that defendant owed plaintiff any duty.

The amendment which appears on page 5 of the record purports to amend count 2. If this amendment makes any material change in the count, still the averments which have been heretofore condemned as insufficient are left in the count. Furthermore, the averments are scarcely sufficient to show duty on the part of the defendant to repair. For aught that appears on the face of the count after the amendment, the pipes were defective at the time the contract of rental was made, and the plaintiff knew it, or made no effort to ascertain the condition of the premises.—*Anderson v. Oppenheimer*, L. R. 5 Q. B. Div. 602, 49 L. J. Q. B. 708. Moreover, " charge and control," as these words are used in the count, may refer only to the time the plaintiff rented from the defendant. The count is susceptible of this construction, and it must be adopted as against the pleader. In this view it fails to show any duty.

The third amendment is on page 6 of the record, and purports to be an additional count, designated count 4. Granting that this count is good in all other respects, it proceeds upon the theory of failure to keep in repair a portion of the building not rented to the defendant. In other words, negligence is the gravamen of the count, and the negligence averred is in the use of weak and defective pipes. To put the lessor in default in this respect, pretermitting all other considerations, it is necessary to aver knowledge or notice on her part of such defect. This the count fails to do, and it was therefore open to the sixth ground of the demurrer.

The fifth count of the complaint is subject to the same criticism.—*Angevine v. Knox-Goodrich* (Cal.) 31 Pac. 529, 18 L. R. A. 264; *Thompson v. Clemens*, 96 Md. 196,

53 Atl. 919, 60 L. R. A. 580; *Bowe v. Hunking,* 135 Mass. 380, 46 Am. Rep. 471.

It is only necessary, in disposing of count 7, to say it is rendered unintelligible by its reference to count 1. It may be that count 1 was inadvertently inserted, instead of count 5; but we have no authority to change the plain writing and language of the record and must treat it as we find it.

Count 6 is an attempt to fasten liability upon the defendant by the application to the owner, occupant, or person in control of the upper story of the building of the maxim, "Sic utere tuo ut alienum non lædas." While from the language of the count it may not be clear what the relationship existing between plaintiff and defendant was, whether that of tenant and landlord, or of distinct ownership, yet, in the application of the maxim, this is deemed immaterial.—2 Wait's Actions & Def. 745; *Krueger v. Ferrant,* 29 Minn. 385, 13 N. W. 158, 43 Am. Rep. 223, 225. "This maxim restrains a man from using his own to the prejudice of his neighbor, but is not usually applicable to a mere omission to act, but rather to some affirmative act or course of conduct which amounts to or results in an invasion of another's rights."—*Kruger v. Ferrant, supra,* and cases there cited. It is clear that the count claims nothing, and makes no allegation, in respect to affirmative conduct on the part of the defendant. It simply avers notice of the defective condition of the pipes, and omission to repair same before they burst. It does not present a case of maintenance of a nuisance and consequent injuries to defendant's neighbor. So far as the averments go, the pipes when placed in the building, were perfectly sound and reasonably suitable for the purposes to which they were put; and though they had become defective, and the defendant had had notice, still the count does not show

notice of the defects in time to enable defendant, before the breakage occurred, to make the necessary repairs.

If the relation of the parties (in respect to the part of the premises occupied by the plaintiff) should be construed as being that of landlord and tenant, there is in the count no averment of any covenant or agreement on the part of the landlord to make repairs; and we have seen that there is no implied agreement to make repairs, nor that the premises are or will be suitable for the tenant's use or business. It is plaintiff's theory, however, that where the landlord leases only a part of the premises, and retains the remainder under his control, he is liable to the tenant for damages which may flow from failure to repair. This principle was recognized and enforced in the case of *Toole v. Beckett,* 67 Me. 544, 24 Am. Rep. 54. That decision has been adversely criticised by more than one court of final resort, and its fallacies have been pointed out. In *Jones v. Millsaps,* 71 Miss. 10, 14 South. 440, 23 L. R. A. 155, 158, the Supreme Court of Missisippi, criticising *Toole v. Beckett,* said: "The decision and its reasoning are not satisfactory, and the vice of the opinion is that it confounds the passivity of the landlord with affirmative action on his part amounting to negligence." Other decisions which were relied upon as supporting or following *Toole v. Beckett* were referred to by the court and it was pointed out that they distinguished themselves from that case, in that they presented cases of negligence in affirmative action on the part of the landlord. It was then said by the Mississippi court: "If the weight of authority is controlling, it will be ascertained, an examination, that the current is against liability of the landlord." Many cases are cited by the court. The Supreme Court of Minnesota, in the case of *Krueger v. Ferrant,* repudiated the theory of the plaintiff now under consideration, and declined to fol-

[Charlie's Transfer Co. v. Malone.]

low *Toole v. Beckett, supra.*—29 Minn. 385, 13 N. W. 158, 43 Am. Rep. 223; *Ward v. Fagin,* 101 Mo. 669, 14 S. W. 738, 10 L. R. A. 147, 20 Am. St. Rep. 650, 654.

It seems, upon reason and the weight of authority, that in the absence of a covenant to repair, or of fraud or deceit, the lessor can be made liable for damages on account of defects only in cases of misfeasance, or of active interference on his part, or where he maintains a nuisance on the premises, and that no liability attaches for mere non-interference, even though the landlord remain in the occupancy of a part of the premises. The demurrer to the sixth count was properly sustained. —Authorities supra; *Buckley v. Cunningham,* 103 Ala. 449, 453, 15 South. 826, 49 Am. St. Rep. 42; *Doupe v. Genin,* 45 N. Y. 119, 6 Am. Rep. 47; *Ward v. Fagin,* 101 Mo. 669, 14 S. W. 738, 10 L. R. A. 147, 20 Am. St. Rep. 650, 653; 6 Am. Law. Review, 614; *Purcell v. English,* 86 Ind. 34, 44 Am. Rep. 225.

Chief Justice TYSON and Justice ANDERSON concur in the opinion and conclusions, while Justices DOWDELL, SIMPSON, McCLELLAN, and MAYFIELD concur therein, save as to the sixth count of the complaint, entertaining the opinion that this count is not subject to the demurrer, and that the court committed reversible error in sustaining the demurrer thereto. Therefore, in accordance with the views of the majority, the judgment of the trial court, for the error committed in sustaining the demurrer to the sixth count, must be reversed, and the cause remanded.

Reversed and remanded.