This is an appeal by appellant-plaintiff from an order of the Circuit Court of Mobile County granting appellee-defendant's motion to dismiss plaintiff's claim. The trial court's order was bottomed on the premise that appellant's claim for damages for the breach of implied warranties failed to state a claim upon which relief could be granted under Alabama law.
The dispositive issue in this case is whether there is an implied warranty of habitability and fitness made by a lessor-landlord to a lessee-tenant by the act of renting residential property. If there is no such implied warranty, the trial court did not err in granting appellee's motion to dismiss.
The pertinent undisputed facts, as shown by the record and briefs filed with this court, reveal the following:
Appellant-plaintiff rented an apartment from the appellee-landlord and entered into a written residential lease agreement covering the period from May 1, 1974, to April 30, 1975. Pertinent parts of this lease, dealing with the question of responsibility for damage to personal property and the responsibility for the condition of the premises, are set out below:
 "4. Lessee has examined the premises, is satisfied with the physical condition and *Page 1145 
his taking possession is conclusive evidence of receipt of them in good order and repair, except as otherwise specified; and he agrees that no representation as to condition or repair has been made except as is contained in the lease and he agrees that no promise to decorate, alter, repair, or improve the premises has been made except such as is contained in the lease.
. . . . .
 "10. All personal property placed in the leased premises, or in the storerooms or in any other portion of said building or any place appurtenant thereto, shall be at the risk of Lessee, or the parties owning same, and Lessor and Lessor's agents or employees shall in no event be liable for the loss of or damage to such property or for any act of negligence of any employee or of any covenants or servants of tenants or occupants or of any other person whomsoever in or about the building.
. . . . .
 "16. Lessee assumes responsibilities for the condition of the premises. Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes by freezing or otherwise, or any vices or defects of the leased property, or the consequences thereof, except in case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received WRITTEN NOTICE from Lessee of such defects and the damage caused thereby. Should Lessee fail to promptly so notify Lessor, IN WRITING, of any such defects, Lessee will become responsible for any damages resulting to Lessor or other parties."
After living in the leased premises for approximately four months, the appellant's utility bill increased considerably. Appellant contacted appellee's agent and complained of such increase. Appellant was referred to Alabama Power Company who checked and confirmed that appellant's bill and meter were correct. Approximately twelve days later, on September 22, 1974, a fire occurred in appellant's apartment.
As a result of the apartment being damaged, appellee made another apartment available to appellant.
Appellant filed a one-count complaint alleging that appellant impliedly warranted the habitability of the leased apartment. Appellant further alleged the warranty was breached in that the apartment was not habitable due to defective electrical wiring and that this rendered the apartment unreasonably dangerous. Appellant then demanded judgment in the sum of $2,500 for damages suffered as a result of the fire. Upon motion by appellee, the trial court dismissed appellant's complaint on the basis that it failed to state a claim under Alabama law. Appellant appeals that order.
As noted above, the dispositive issue in this case is whether the warranty of habitability applies to the rental of residential property.
This court has recognized and adopted the principle of an implied warranty of fitness and habitability for the purpose purchased in newly constructed homes. See Cochran v. Keeton,47 Ala. App. 194, 252 So.2d 307 (1970), affirmed 287 Ala. 439,252 So.2d 313 (1971).
However, these warranties have not been extended to apply to residential leases. The Supreme Court of Alabama, in Lacey v.Deaton, 228 Ala. 368, 369-70, 153 So. 650, 651 (1934), stated:
 "It is the general rule, that while a landlord does not impliedly warrant the safety of the premises, or that they are fit for the purpose for which they are rented, if he conceals or fails to disclose to the tenant dangerous defects known to him, when the circumstances impose the duty to disclose, and when such defects are not known to the tenant and not discoverable by reasonable examination by such tenant, the former is liable for injuries caused and suffered by reason thereof by the tenant. . . ."
As between the landlord and tenant, where there is no fraud, false representations or knowing concealment of defects, there is no implied covenant or warranty *Page 1146 
that the premises are suitable for occupation or for the particular use which the tenant intends to make or that they are in a safe condition to use. See Chambers v. Buettner,295 Ala. 8, 321 So.2d 650 (1975); Charlie's Transfer Co. v. Malone,159 Ala. 325, 48 So. 705 (1909).
However, these warranties can be provided for by use of express warranties or a covenant to repair. See Chambers v.Buettner, supra; Davenport v. Bonner, 275 Ala. 131,152 So.2d 678 (1963).
As is evident from the portions of the lease, as set out above, there were no such express warranties entered into by the landlord and tenant. The lease also specifically states that the landlord makes no promise or covenant to repair.
Appellant, through able counsel in an excellent brief, argues that the implied warranty of habitability in newly constructed houses should be extended to include residential rental property. While we are cognizant of the development of such a body of law in other jurisdictions, this court is without authority to overrule the decisions of the supreme court and is bound to follow those decisions. See Jones v. City ofHuntsville, 288 Ala. 242, 259 So.2d 288 (1972); Ex parte Banks,42 Ala. App. 669, 178 So.2d 98 (1965). We would further note that we have no basis to speculate that the supreme court, in this instance, would overrule its prior decision. See Chambersv. Buettner, supra. However, review by the supreme court of this decision is available to the appellant if the supreme court chooses to review.
Considering the fact that the above implied warranties have not been extended to residential rental property, the trial court did not err in dismissing appellant's claim due to the failure of appellant to state a claim upon which relief could be granted under Alabama law. The appellee, in his excellent brief, points out there are certain defects in the notice of appeal. While certain defects do exist, we consider the notice of appeal to be sufficient to put the appellee on notice as to what has been in fact appealed from. See Rule 2 (b), ARAP. This case is thereby due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.