GALBREATH *et al. v.* THAYER *et al.**

(Division A. June 6, 1927.)

[113 So. 180. No. 25271.]

1. FIXTURES. *Houses constructed by tenant, in addition to houses which lease provided should not be removed, were not fixtures.*

Where lease provided that lessee should not have right to remove certain three houses constructed by him on premises, other houses constructed thereon by lessee did not constitute fixtures, since provision relative to right to remove the three houses clearly implied an agreement or understanding that lessee would have right to remove remaining houses.

2. LANDLORD AND TENANT. *Equity will not permit insolvent tenant to remove improvements, but will apply value thereof as credit on past-due rent.*

Where tenant admitted that he had not complied with terms of lease by paying rent and that he was insolvent and wholly unable to pay rent, equity will not permit him to remove improvements from leased premises placed thereon by him and which retain their character as personalty by reason of prior agreement, but will apply value of such improvements as credit on past-due rent.

3. INJUNCTION. *Attorney fees were improperly allowed for securing dissolution of ineffective injunction.*

Where, at time of injunction restraining defendant from cutting or removing timber, all timber had been removed and injunction was to that extent ineffective, attorneys' fees for securing dissolution of injunction were improperly allowed.

4. INJUNCTION.  *Complaint seeking recovery for timber should not be dissmissed on dissolving injunction against cutting or removal of timber.*

Bill of complaint seeking recovery for value of timber cut and removed from premises should not have been· dismissed on dissolution of injunction restraining further purchasing, cutting, and removal of timber from land.

*Corpus Juris-Cyc. References: Fixtures, 26CJ, p. 710, n. 96; Injunctions, 32CJ, p. 361, n. 25; p. 474, n. 88; Landlord and Tenant, 36CJ, p. 177, n. 81; p. 180, n. 35 New.

APPEAL from chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

Suit by T. L. Galbreath and others against Fred K. Thayer and others. From a decree dissolving an injunction and awarding damages, complainants appeal. Affirmed in part, and reversed in part, and remanded.

*Watson & Jayne,* for appellants.

I.    Before the opening of the case at the hearing, the appellants moved the court to remand the case for final hearing; at the conclusion of the evidence this motion was renewed. Inasmuch as the evidence made it plain that the case should have been heard upon its merits, the motion of appellants should have been sustained and the cause remanded for final hearing. This was especially true as to the case made out against appellee Thayer. See *Alcorn* v. *Saddler,* 66 Miss. 221, 5 So. 694; *Madison County* v. *Paxton,* 56 Miss. 679; *Stewart* v. *Bell,* 19 So. 957; *Citizens Bank & Trust Co.* v. *Harpeth Nat'l Bank,* 82 So. 329.

II.    The court erred in dissolving the injunction and awarding damages. While the main and controlling title to relief set up in the bill of appellants is that of relief by way of quieting title, still in addition thereto appellants pray for the recovery of rents for the several years of the occupancy of appellee Thayer, and under the cir-

cumstances of the case such additional action in equity will lie. Pomeroy's Eq. Juris. (6th Ed.), section 189; *Fleming* v. *Stansell,* 13 Tex. Civ. App. —, 36 S. W. 504; *De Laval* v. *Shapless,* 134 Iowa 28, 111 N. W. 438; *Memphis & Cr. Co.* v. *Greer,* 3 Pickle (Tenn.) 698, 11 S. W. 931; *O'Neill* v. *Perryman,* 102 Ala. 522, 14 So. 898.

Without the application of the principles laid down by the foregoing authorities controlling equitable set-off, appellant Galbreath in the instant case would be without remedy.

It will be borne in mind that under the provisions of the Mississippi statute for quieting title to lands a writ of possession may be awarded in the decree against a defendant in possession; therefore, the action partakes primarily of the nature of an action to quiet title and, secondly, of an action of equitable ejectment; hence, the principles of law governing actions to recover *mesne* profits would be properly applicable in the instant case with regard to equitable set-off. Especially is this true where the tenant had, under the terms of the lease obtaining at the time of the making of the improvements, an option to purchase the land.

The Mississippi statute, section 1848, Code of 1906, allowing *mesne* profits to be collected in actions in ejectment is but a statutory enactment of the equitable principle theretofore laid down in such cases. Before such statutory enactment, in proper cases, courts of equity had applied the doctrine of equitable set-off. *Murray* v. *Gouvenour,* 2 John. Cas. 438; *Jackson* v. *Loomis,* 4 Cowan 168; Waterman on Set-offs, sections 537-38. The following authorities in principle support the contention of appellants. 34 Cyc., page 633, section f; pages 636-37-38, sections 4 and b.

III. *Contractual right to remove improvements.* The period of occupancy of appellee Thayer was covered by two written leases signed by him, and a third written lease signed by the landlord, appellant Galbreath, under

which Thayer occupied for the year 1924. In none of these writings is there any stipulation whereby appellee Thayer had the right to remove any of the improvements. Oral evidence is not admissible to contradict the terms of these writings. More than this, if the improvements be fixtures, as contended by appellants, they are part of the land and the right to remove the same must have been committed to writing to meet the requirements of the statute of frauds.

Even if the appellant landlord had given appellee Thayer permission to remove the improvements from the leased premises, it would seem that as a condition precedent to the right of the tenant to remove such fixtures and improvements that he would in equity be required to show that he has performed all of the conditions and covenants of the lease, and especially that he has paid all of the rents due under the lease. *Van Vleck* v. *White,* 72 N. Y. Supp. 1026; *Clements* v. *Murphy,* 40 Mo. 121; *Mathinet* v. *Giddings,* 10 Ohio 364.

Appellee should not be permitted to remove the improvements in question, he being hopelessly insolvent, until he, appellee, had performed the conditions of the lease.

*Boddie & Farish,* for appellees.

I. Galbreath authorized his tenant, Thayer, to sell and dispose of the timber. Therefore, Galbreath is bound by the sale made by Thayer to Lester, under the authority vested in Thayer by Galbreath. *Williams* v. *Sayers,* 79 Miss. 50; *Turner* v. *Planters Lbr. Co.,* 92 Miss. 767.

II. The bill was filed on the theory that the buildings erected by Thayer on the plantation were fixtures and title thereto became vested in Galbreath. The plantation was leased for agricultural purposes and it was necessary to have the buildings in order to farm and operate the plantation. They are the same as trade fix-

tures and even without the lease contracts in evidence, Thayer was the owner thereof and had the right to remove them at the expiration of his lease. This question has never been passed upon by this court; but see *McMath et al.* v. *M. Levy & Sons,* 74 Miss. 450; *Van Ness* v. *Pacard,* 2 Peters 137.

We concede that if the injunction was merely ancillary to the principal relief sought by the bill and its dissolution was only incidental to the defense, then the injunction should not have been dissolved as to Thayer, and the solicitor's fees should not have been allowed by way of damages. We think the rule is correctly stated by Judge WHITFIELD in *Curphy & Mundy et al.* v. *Terrell et al.,* 42 So. 235.

We submit that simply because the bill asked for a decree against the agricultural products for the 1924 rent and for a decree for money from the sale of timber by Thayer, this is not such equitable relief as would entitle appellant Galbreath to hold by injunction the houses owned by Thayer on the plantation conveyed by Galbreath, before the filing of the bill to the other, appellants, Easton and Moser.

COOK, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Washington county dissolving an injunction sued out by the appellants against the appellees, and awarding solicitors' fees as damages on the injunction bond. The hearing of the motion to dissolve was had upon an amended bill of complaint, answers of the several appellees, and oral and documentary proof.

The bill of complaint as amended alleged that the appellant Galbreath was the owner of certain lands situated in Washington county; that the appellee Thayer had leased this land from Galbreath during the years 1921, 1922, and 1923, under a written lease; that appellee Thayer agreed to lease the land for the year 1924, first taking

up the matter thereof by letter dated February 5, 1924, addressed to Galbreath, with which letter he inclosed the form of a lease which he desired Galbreath to sign, but which was not executed by Galbreath; that the appellant Galbreath then drew up a lease in duplicate, signing each copy and forwarding both to appellee Thayer, with the request that he sign both copies of the proposed lease contract and return one of them to the appellant Galbreath; that Thayer kept both copies of this lease and occupied the said plantation thereunder for the year 1924, cultivating and operating the same and growing crops of cotton, corn, and hay thereon; that under the terms of this lease for the year 1924 Thayer owed Galbreath one thousand five hundred dollars as rent for that year, to be paid according to the terms of the lease; that under the terms of the lease the agricultural products grown on the land during the year 1924 were to be applied on the rent as fast as harvested, and that the appellant Galbreath had a landlord's lien on all such agricultural products; that much of the crops grown that year had been harvested, but no part thereof had been delivered to the appellant Galbreath, and no payment had been made on the rent by Thayer; and that said appellee refused to give appellant, his landlord, any satisfactory statement of the amount of such crops so gathered and harvested, or to disclose what disposition had been made of such crops.

The bill further charged that during the tenure of Thayer, and under the prior tenure set out in the bill, appellee Thayer, the tenant, built ten cabins, one open hay barn, one barn, and considerable fencing on the premises, all of which were fixtures and belonged to the appellant Galbreath, the owner of the premises; that Thayer was claiming that under the terms of his lease he had the right to remove and take away all of said improvements so made on the leased premises, or to sell the same, which he was threatening to do; that the lease for the year 1924 was not in the shape of a recordable instrument and had not

been placed of record, but both copies thereof were held by Thayer, who was making the claim of ownership of the improvements and the right to sell or remove the same; that his action in that particular constituted a cloud on the title of Galbreath to said improvements; and that said improvements, being fixtures, were a part of the land, and the assertion of ownership thereof, with right to sell and remove the same from the land, by appellee Thayer injured the appellant Galbreath and his property and his title thereto.

The bill further charged that the appellees Thayer, W. A. Lester, and Mrs. W. A. Lester had colluded and conspired together to cut and remove the timber from said leased premises, and had cut and removed considerable timber, the exact amount of which was to the appellant unknown; that such taking of said timber by the appellees was without the knowledge or consent of the appellant, and without right so to do; that the appellant was informed and believed that the timber so taken had been worked into a manufactured product, the exact kind and nature of which were unknown to him, but for which he prayed discovery; and that he was informed and believed that he was entitled to recover from appellees the market value of such products in their manufactured shape, and also the penalty of five dollars per tree as provided by statute.

As amended, the bill further charged that the appellee Thayer was indebted to the appellant Galbraith in the sum of about seven thousand dollars in addition to the rent due for the year 1924 and the value of the timber cut and removed from the leased premises; that the value of the houses, title to which was claimed by Thayer, did not exceed one hundred fifty dollars each, but that appellee Thayer claimed them to be of far greater value; that the appellant had the right, in equity, to have said houses valued and appraised by the court, in case it should decree that appellee Thayer was entitled to sell and remove the same, and was entitled to have an ac-

count stated between said parties, carrying therein the value of said houses, the amount of rent due, the value of the timber cut and removed, entering proper credits to the account of the respective parties; and that appellant was entitled to a decree over for the true balance owing, after giving said appellees credit for all sums to which he was entitled.

The bill further charged that the appellee Thayer was insolvent and would not be financially able to respond in damages to appellant Galbreath, if permitted to remove the improvements from the leased premises, and that if allowed to remove the same irreparable injury would be done to the appellant and his lands.

The bill prayed that the appellee Thayer be required to discover and account for all crops grown on the leased premises during the year 1924; that the appellees Thayer and the Lesters be required to make discovery of the amount of timber taken by them, or either of them, from the leased premises, and also for what price and to whom the material manufactured therefrom was sold; that the improvements placed upon the leased premises by Thayer be adjudged to be fixtures, and that all claim of title thereto or interest therein of Thayer be canceled; that a decree be awarded against the agricultural products grown on the leased premises for the year 1924; that he be awarded a decree for the market value of the products manufactured from the timber wrongfully taken from the leased premises; that the appellee Thayer be enjoined from selling or removing or attempting to sell or remove from the leased premises the improvements in question; that all of the appellees and their agents be enjoined from further cutting, taking, or removing any of the timber on the leased premises, either standing or down timber; that an account be taken and stated of all indebtedness owing by appellee Thayer to appellant Galbreath on any account whatsoever, and that a true balance be struck, and any balance found owing to the appellant Galbreath by Thayer be decreed to him, after

having carried into said account any items that he, Thayer, might be entitled to have carried into said account by way of indebtedness owing to him by the appellant, or by way of damages or solicitors' fees.

The appellee Thayer demurred to the bill of complainant on the ground that it was multifarious, and this demurrer was overruled. The bill of complaint was further amended so as to bring in M. R. Moser and Perry H. Easton, they having purchased the land in question from the appellant Galbreath during the progress of the cause.

The appellee Thayer filed a separate answer to the bill of complaint, admitting that he leased the land in question for the years 1918, 1919, 1920, 1921, 1922, and 1923, under written leases, copies of which he filed with his answer. He admitted that he agreed to lease and did lease the premises for the year 1924, but denied that he first took the matter up with the appellant by letter in February, 1924, and charged that the appellant came to see him in November, 1923, and it was then agreed that appellee Thayer should keep possession of the premises and operate the same under the same terms mentioned in the prior written lease, except he was to pay appellant one-half of the proceeds of the crop raised on the premises during the year 1924 until the appellant should have received as much as one thousand five hundred dollars; that he produced on said leased premises, during the year 1924, eighteen bales of cotton and sixty-nine and one-half tons of hay; and that he owed the appellant, as rent, for that year the sum of eight hundred eleven dollars and sixteen cents, being one-half of the proceeds of said crops. He admitted that appellant did not sign the extension of the lease mailed to him by appellee, but instead mailed to appellee another form of lease which he, Thayer, refused to sign for the reason that it did not conform to the verbal lease agreement made with the appellant in November, 1923; and that he, Thayer, occupied the premises and operated the same for the

year 1924 under the verbal extension of the prior lease alleged by him to have been made. He admitted building the cabins and making the improvements on the plantation during the term of his lease, but denied that the same were owned by the appellant Galbreath, alleging that it was, at all times, understood and agreed that the cabins and improvements were the property of the appellee Thayer, except three houses situated on the lake bank on the premises, and further alleging that the cabins were necessary to the proper farming and operation of the leased premises. He further alleged that the appellants Moser and Easton were notified by him of his claim to the buildings on said leased premises as soon as he learned that they intended to purchase the same, and that they knew he was in possession of the premises under a lease contract, and therefore had notice of his title and claim to the improvements in question.

He denied that he had colluded or conspired with the other appellees to cut and remove timber from the leased premises but admitted that he cut and sold timber to the appellee W. A. Lester at ten dollars per thousand feet, but averred that the appellant Galbreath had authorized him so to do, and that it was agreed between them that he was to account to Galbreath for five dollars per thousand feet for the timber so sold, and that he still owed appellant for such timber.

The appellees W. A. Lester and wife filed an answer denying that they colluded or conspired with Thayer in any manner, but admitted that the appellee W. A. Lester bought from Thayer certain timber and logs for which he paid him ten dollars per thousand feet, but averred that Thayer had full and complete authority to sell the same and collect therefor, having been authorized to so do by the appellant Galbreath, and that the latter knew that Thayer had sold and collected for the timber, and had ratified the sale, and was therefore estopped from making any claim against them for the purchase price

thereof. Answering further, the appellee W. A. Lester stated that he purchased from Thayer one hundred four thousand feet of timber for which he paid him ten dollars per thousand feet.

Having stated the pleadings fully and in detail, it will only be necessary to state a few of the outstanding facts shown by the testimony in order to dispose of the issues presented. It is admitted that, prior to 1924, the appellee Thayer erected ten houses on the leased premises, and in his testimony he claims the right to remove seven of those houses by virtue of an agreement with the appellant, and fixes the total value of these seven houses at three thousand dollars. The first lease for the years 1918, 1919, and 1920 contained the provision:

"It is agreed by the party of the second part that he will place thereon and leave thereon at least three houses or quarters for labor on the above-described plantation, either portable or stationary houses, as he may feel suitable to his needs, during the life of this contract."

The second written lease covering the years 1921, 1922, and 1923 carried an option running to the tenant, Thayer, to purchase the property during the period of the lease and makes the following reference to the houses in question:

"It is further understood that, should the party of the second part not purchase the above-named property, he is not to remove the three houses now located on the lake bank on this plantation."

The testimony of the appellee Thayer and the appellant Galbreath is in sharp conflict as to the terms of the lease for 1924 and the amount of the rent for that year, but Thayer admitted that he owed Galbreath eight hundred eleven dollars and sixteen cents as rent for 1924, and he also admitted that he was indebted to Galbreath in the further sums of six thousand dollars for rent for the years 1921, 1922, and 1923, and five hundred twenty dollars, one-half of the proceeds of timber sold from the leased premises, an aggregate amount, exclusive of

interest, of seven thousand three hundred thirty-one dollars and sixteen cents. The appellee Thayer also admitted his insolvency.

In the case of *Richardson* v. *Borden,* 42 Miss. 71, 2 Am. Rep. 595, this court said that: ''The doctrine is well established that, as between the executor and heir, the vendor and vendee, mortgagor and mortgagee, the strict rule is applied in favor of the heir, vendee, and mortgagee, holding many articles to be fixtures, and as belonging to the freehold, which would not be so as between landlord and tenant. In one class of cases the rule of construction is rigorous and stringent, in the other it is relaxed and liberal.''

Applying the liberal rule in favor of the tenant in this case, it is clear to us from the evidence, that the seven houses which the appellee claims the right to remove were not fixtures, but belonged to the tenant.

The provision of the lease contract that the lessee should not have the right to remove the three houses located on the lake bank on said plantation clearly implies an agreement or understanding between the parties that he would have the right to remove the remaining houses, and when all the testimony is considered, we think the conclusion that such was the understanding of the parties is inescapable.

This brings us to a consideration of the question of whether or not, on a bill by a landlord to quiet title to property claimed to be a fixture on leased premises and to require a discovery of the amount and disposition of agricultural products raised on the leased premises, and also the amount and value of timber sold and removed from the premises, a court of equity may restrain an insolvent tenant from removing from the leased premises improvements placed thereon by him, and which have retained their character as personalty only by reason of a prior agreement or understanding to that effect, and may assess the value of such improvements and apply the same as a credit on the past-due rent.

Conceding for the purpose of this decision that, ordinarily, the mere existence of mutual and independent demands will not authorize the intervention of a court of equity to set them off against each other, yet, where there is some intervening equity which renders it necessary for the protection of the demand sought to be established and necessary to the attainment of justice, that court may intervene. In this case, the bill set up the insolvency of the defendant, and that "complainant will suffer irreparable injury if the defendant is permitted to remove from the premises the improvements in question," as well as other independent grounds of equitable jurisdiction, and the court having acquired jurisdiction, it should proceed to adjust all conflicting demands between the parties growing out of the subject-matter involved. The defendant Thayer is asserting in this suit the right to remove the improvements involved, and he claims the right by virtue of a provision of the lease contracts, while admitting that he has not complied with the terms of this lease by paying the rent, and that he is wholly unable to pay this rent. Under these facts, we do not think he should be permitted to remove these improvements, and that on the final hearing the injunction should be made perpetual, and the value of these improvements should be assessed and applied as a credit on this past-due rent. While the record is not entirely clear upon the point, we do not understand that the defendant claims the right to remove the barns and fencing placed on the premises by him, and, consequently, we express no opinion as to whether these things became fixtures.

On the bill of complaint, a temporary injunction was issued restraining the appellees W. A. Lester and Mrs. W. A. Lester from "moving off, selling off, or taking off" of said land any and all timbers thereon, whether standing or down, and upon the proof offered on the motion to dissolve this injunction was dissolved. It is admitted that the proof shows that Mrs. W. A. Lester

had no connection whatever with the purchase or removal of timber from this land, and that as to her the injunction was properly dissolved. The proof shows that the appellee Thayer sold to the appellee W. A. Lester certain timber on the leased premises, at the price of ten dollars per thousand feet, and that Lester removed this timber and paid to Thayer the full amount of the purchase price thereof. The uncontradicted proof further shows that all transactions between Thayer and Lester in regard to the timber on this land were fully concluded long prior to the filing of the bill of complaint and the issuance of the injunction restraining Lester from further purchasing, cutting, and removing timber from this land, and that no such further purchase, cutting, or removal was contemplated or in any manner threatened, and, consequently, the injunction was properly dissolved as to Lester. However, since the transaction between Thayer and Lester in reference to this timber had already been fully concluded, and Lester did not claim or assert any right or interest in the timber remaining on the land, the injunction restraining him from cutting and removing any of this timber, a thing which he had no purpose or intention of doing or attempting to do, was ineffective as to him and could in no way affect any of his rights, legal or equitable. Consequently, we do not think the appellee Lester should have been allowed attorneys' fees for securing the dissolution of this injunction.

The bill of complaint sought a recovery against the appellee Lester for the value of the timber cut and removed from the premises, and we are of the opinion that the bill should not have been dismissed upon the dissolution of the injunction. Upon the question as to the sufficiency of the proof to establish the authority of the tenant, Thayer, to sell this timber, we express no opinion, as that question of fact will properly be determined upon the proof offered at the hearing on the merits.

The decree of the court below dissolving the injunction as to the appellee Thayer will be reversed, while it will be affirmed in so far as it dissolved the injunction as to the appellee Lester, but will be reversed in so far as it allowed damages and dismissed the bill as to W'. A. Lester, and the case will be remanded.

*Affirmed in part, and reversed in part, and cause remanded.*