## MARSH *v.* SERIO.

(Division A.   Feb. 10, 1930.)

[126 So. 46.   No. 28145.]

**Brandon & Brandon,** of Natch'ez, for appellant.

**Engle & Laub,** of Natchez, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant, Mrs. John D. Marsh, filed a bill of complaint in the chancery court of Adams county, seeking to restrain the appellee, John J. Serio, from tearing down and removing a certain wooden building which he had

erected on land leased by him from the appellant. A temporary injunction was issued, and thereafter, upon the hearing of the motion to dissolve the injunction, a decree was entered dissolving the temporary injunction and dismissing the bill of complaint, and also adjudicating that the appellee had the right to remove the building in question from the premises within a reasonable time, and granting him the rights of ingress and egress on the leasehold premises, and any and all necessary writs of assistance, for that purpose, and awarding damages on the injunction bond; and from this decree this appeal is prosecuted.

The bill of complaint alleges that the appellant is the owner of certain lands and buildings situated in the town of Washington, Adams county, Mississippi, which had been leased to the appellee under a written lease contract which would not expire for more than seven years thereafter; that under the terms of this lease the appellee was obligated to pay rent at the rate of fifty dollars per month; that she had been informed that the appellee was threatening, and intended, to abandon the leased premises, and to refuse and avoid payment of the rent for the remainder of the term; that the appellee was insolvent and if he should abandon the lease, and refuse to pay the monthly installments of rent, she would suffer great loss and damage. The bill further alleged that during his tenancy the appellee, without the permission or consent of appellant, had constructed on the leased premises a two-story frame building, and had annexed or attached the same to the buildings and structures already on said premises; that the two-story building was erected upon a concrete foundation laid by the appellee, and is permanently and securely fastened and annexed to the other buildings of the appellant; that the two-story building so erected by the appellee is a permanent structure, and was erected by him with the intention that it should become and remain a part of the realty to which it is affixed; that the appellee had threatened, and, in

fact, had commenced to tear down and demolish the said two-story building; that she was informed and believed that the appellee intended to completely tear down and destroy the said building, and reduce the same to a mass of material and lumber, and then remove the same from the premises; that if the building is so torn down and removed from the premises, the other buildings on said property will thereby be greatly injured and damaged; and that the said building cannot be removed without tearing it down. The bill of complaint further charged that the appellee had no right to remove the said building from the leased premises; that so to do would result in great and irreparable injury to the appellant; and that consequently she was entitled to have the appellee restrained from carrying out his announced purpose of demolishing and removing said building, and from doing any damage and injury to the freehold.

The appellee filed an answer to the bill of complaint, and therein admitted the appellant's title to the property, and his tenancy under the lease contract which was filed as an exhibit to the bill; and admitted his intention to abandon the lease and move from the premises, and also admitted that it was his intention to refuse further payments on account of the rental of said property, and that it was his intention to tear down the building and remove same from the leased premises. The answer averred, however, that the frame building in question was erected on the premises with the knowledge and consent of the appellant, and under an agreement that the appellee might remove the same at any time he desired; that the tearing down and removal of the building erected by him would in no wise damage or interfere with the original buildings of the appellant, and that the appellee had a right to abandon his lease contract, and refuse further payments thereunder, for the reason that the appellant had breached the contract by failing and refusing to repair the roof of the original building, so as to reasonably pro-

tect his merchandise located therein from being damaged by rains.

The appellee testified in rather an indefinite way that there was an agreement between him and the appellant or her agent that he might remove the building erected by him at any time, and conceding, for the purposes of this decision, that this testimony was sufficient to support a finding that the appellant so agreed when the building was erected, still it does not necessarily follow that he now has the right to remove such building. The bill of complaint charged, and the appellee admitted, that he was wholly insolvent, and while he had paid all installments of rent due to the date of the hearing of this cause in the court below, he admitted in his answer to the bill, and in his testimony, that he intended to abandon the leased premises, and refuse to make further payments of the rent due under the terms of the lease contract, and it was held in the case of Galbreath v. Thayer, 147 Miss. 556, 113 So. 180, 53 A. L. R. 288, that: ''Where tenant admitted that he had not complied with terms of lease by paying rent and that he was insolvent and wholly unable to pay rent, equity will not permit him to remove improvements from leased premises placed thereon by him and which retain their character as personalty by reason of prior agreement, but will apply value of such improvements as credit on past-due rent.'' The same rule would apply to prevent the removal of improvements from the leased premises where an insolvent tenant was threatening to terminate his lease and admitted his purpose to abandon the premises and refuse further payment of rent under the lease contract, unless it appears that the tenant has the legal right to terminate the lease.

The determination of the question of whether or not the rule announced in the case of Galbreath v. Thayer, supra, is applicable and controlling here will therefore depend upon the solution of the further question of whether or not, under the proof, the appellee has the legal

right to terminate the lease contract. The appellee bases his right to abandon the lease contract upon the asserted fact that the appellant failed and refused to properly repair the roof on the original building leased by him. The appellee occupied the leased premises under a written lease contract, and a written renewal thereof, which contained no express covenant requiring the lessor to keep the roof in repair during the term of tenancy, and counsel for the appellee concedes that the general rule is that in the absence of an express covenant in the lease, and in the absence of deceit and misrepresentation, there is no implied covenant that the lessor will make repairs. It is contended, however, First, that the evidence establishes an oral agreement of the lessor to repair the roof, and, second, that the evidence shows that the appellant undertook to repair the roof, but was unsuccessful in her effort to prevent the same from leaking; and that since she had voluntarily assumed to repair, a failure to so repair it as to prevent the same from leaking was negligence, which would render her liable to him in damages and entitle him to abandon the leased premises; and in support of the latter contention, appellee relies upon the rule announced in the case of Green v. Long, 152 Miss. 117, 118 So. 705, that although the "lease does not bind lessor to make repairs to leased premises, yet, if he voluntarily undertakes to make them during the term of the lease, he is liable for want of due care in execution of work, based on principle of liability for negligence, and not because of implied covenant to repair or implied consideration."

The point that there was evidence to show an oral agreement or promise on the part of the lessor to repair the roof may be disposed of with the statement that such an agreement or promise, if established, was without consideration to support it, and therefore was unenforceable. The contention that the failure of the appellant to successfully repair the defects in the roof constituted such negligence as would render the appellant liable in

damages and entitle the appellee to terminate the lease is not maintainable. Under the doctrine announced in Green v. Long, supra, the damages, for which a lessor who voluntarily undertakes to repair the leased premises is liable, are such damages to the lessee as are the direct and proximate result of negligence in the execution of the work, and not such damages as result from the original defective condition. The true rule upon this point is stated in 16 R. C. L., par. 566, on page 1047. The only testimony in the record bearing directly upon the results of appellant's efforts to repair the defective roof tended to show that the defective condition was thereby partially remedied, and there is no testimony to show that the appellee suffered any damage that was the direct and proximate result of negligence in the execution of the work. Upon the record now before us, no right of the appellee to terminate the lease and abandon the leased premises is made to appear, and therefore the decree of the court below will be reversed, the injunction reinstated, and the cause remanded.

Reversed and remanded.