## W. C. JONES v. R. W. MILLSAPS ET AL.

1. PLEADING. *Making definite. Code 1892, § 704.*

    Where a declaration shows, though in a general way, a cause of action, but the allegations are indefinite or uncertain, so that the precise nature of the complaint is not apparent, the remedy is not by demurrer, but by motion under § 704, code 1892, to make the pleading more definite.

2. LANDLORD AND TENANT. *Repairs. No implied covenant against lessor.*

    The execution of a lease does not imply a covenant that the lessor will make repairs. Nor is there any implied covenant, on his part, that the premises are suitable for the lessee's business. It is for the tenant to protect himself by proper covenants.

3. SAME. *Retention by lessor of part of building. Non-liability. Repairs.*

    In the absence of deceit in making the contract, and where there is no express covenant to repair, the lessor of the lower story of a building is not liable for damages sustained by the lessee because of leaks from above, although the lessor retains possession of the upper story, and fails to make necessary repairs on the roof.

4. SAME. *Express covenants of lessee. Implies no covenant against lessor.*

    In such case, an express covenant by the lessee to repair the leased room to suit his particular business, does not raise an implied covenant on the part of the lessor to make even necessary repairs to protect the lessee in carrying on such business.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

The appellees are the owners of a two-story brick building in the city of Jackson, the lower story of which is arranged for a store, the upper story being divided into small rooms or offices. On the eighteenth day of July, 1892, they entered into a written contract with appellant by which he leased the lower story of the building for one year, beginning August 1, 1892. The written contract contained no stipulation obligating the lessors to make repairs, but it provided for certain changes and repairs to be made by the lessee, in order to

enable him to carry on the business of a merchant in the store. It contained a stipulation that, in case of fire or the destruction of the building from any other cause, rent should cease until the house should be rebuilt.

This action of covenant was brought by the appellant against the lessors, alleging the execution of the lease, and that plaintiff had placed a stock of merchandise in the store; that defendants, by reason of the said contract of lease, became bound to keep that part of the building above the leased premises, which was alleged to be under their exclusive control, in good order and repair; that they neglected to do this, and the roof became in bad condition, when plaintiff urged them to repair the same, which they neglected to do, and that afterwards, during the term, by reason of a heavy rain and the leaks in the roof, the stock of clothing of plaintiff, without his fault, was wet and damaged; "that the cost and carriage value of the goods so damaged, to which a schedule is made exhibit A hereto, is the sum of $445.78, wherefore plaintiff says that he is injured and damaged to the value of $400, and therefore brings suit."

The written contract was made an exhibit to the declaration, as also a bill of particulars of the goods alleged to have been damaged. The defendants demurred to the declaration, on the ground that it was vague and indefinite as to the damages alleged to have been sustained; that it failed to show any covenant on the part of defendants to repair, and that plaintiff was not entitled to recover. The demurrer was sustained, and, plaintiff declining to amend, judgment was entered dismissing the case, from which the plaintiff appealed.

*E. E. Baldwin,* for appellant.

The general rule in America is, that where a landlord leases a part of a building to a tenant and retains the remainder under his exclusive control, he is bound to keep such parts in repair so as to protect the demised premises.

*Toole* v. *Beckett,* 67 Maine, 544; *Kirby* v. *Association,* 14 Gray (Mass.), 249; *Priest* v. *Nichols,* 116 Mass., 401.

Where a landlord rents a room in a building for a store, he agrees to keep the remainder of the building in repair sufficient to protect the demised premises. *Bissell* v. *Lloyd,* 100 Ill., 214; *Stubblefield* v. *Soule,* 21 Ill., 154; 12 Am. & Eng. Enc. L., 729.

The case of *Cole* v. *McKey,* 66 Wis., 500, is distinguishable from this. There, the defect complained of was in a common entry or passage-way, which was under the joint control of the landlord and tenant.

The tenant's remedy, in a case like this, is by action of covenant. *Tibbits* v. *Percy,* 24 Barb. (N. Y.), 39, and the measure of damages is the loss sustained. *Cook* v. *Soule,* 56 N. Y., 420.

We respectfully insist that the defendants were liable for the damages sustained, and that the demurrer should have been overruled.

*Brame & Alexander,* for appellees.

1. The declaration is insufficient as to the statement of damages. It does not show how much the goods were damaged, nor is it averred that after the goods were wet they were valueless. *Non constat,* but that they were sold for a profit. Plaintiff could not put the goods aside merely because they had been wet, and charge defendants with the cost and carriage value to him. As to the *quantum* of damages, there is nothing in the declaration upon which the defendants could take issue. The concluding sentence is merely the pleader's conclusion from the facts before stated, and is not of itself a statement of facts. It was not intended as a statement of the amount of damages, but as a prayer for judgment. In all cases a plaintiff must allege what it is necessary for him to prove. Appellant's course in refusing to amend the declaration makes every defect vital, whether it arises from a bad case or an insufficient statement of it.

2. It is well settled that the landlord is under no implied duty to repair. Taylor's Landlord & Tenant, 575, 576; 2 Woods' Landlord & Tenant, 598. Even if the premises become dangerous, and the landlord has notice of this, he is under no duty to repair. *Ib.*, 599.

The rule is the same where the landlord rents the lower story of a building and retains control of. the remainder. *Weinsteine* v. *Harrison*, 66 Texas, 546; *Ward* v. *Fagin*, 101 Mo., 669; *Krueger* v. *Ferrant*, 29 Minn., 385; *Purcell* v. *English*, 86 Ind., 34; *Cole* v. *McKey*, 66 Wis., 500; *Loupe* v. *Wood*, 51 Cal., 586; 54 N. Y., 119.

Appellant relies upon *Toole* v. *Beckett*, 67 Maine, which follows the Massachusetts court in holding what appears to be a doctrine contrary to the above, but in those cases the landlord was held liable to the tenant under circumstances that would fix liability on any other person; they rest upon *negligence*, and not upon any contractual relation.

But these earlier cases in Maine and Massachusetts have been carefully reviewed by the courts of other states, and condemned as being opposed to principle and authority. See especially *Krueger* v. *Ferrant*, 29 Minn., 385, and *Cole* v. *McKey*, 66 Wis., 500. The rule for which we contend is established in America, and is also the English rule, as will be seen by the cases cited in the above authorities.

*Bissell* v. *Lloyd*, 100 Ill., 214, cited by opposite counsel, is not in point. Besides, the opinion is not supported by reason or authorities. There the lease reserved to the landlord an undivided half-interest in the second floor, and the contract provided that the tenant was to make necessary repairs in the store-room. Inasmuch as the landlord expressly reserved an undivided interest in two of the rooms, and provided that the tenant should repair the others, the court held that he, by implication, covenanted to keep the other rooms in repair.

The rule exempting the landlord from the implied duty to repair is not a hard one. The tenant may always protect himself by covenants. In many states statutes have been

passed imposing the duty on the lessor of making repairs, but there is no such statute in this state.

Argued orally by *E. E. Baldwin,* for appellant, and *C. H. Alexander*, for appellee.

WOODS, J., delivered the opinion of the court. .

While the declaration, in some of its allegations, is somewhat indefinite or uncertain, yet we do not think it so indefinite or uncertain, as a whole, as that the precise nature of the complaint is not apparent. While parts of the language employed are involved or obscure, the pleading does, nevertheless, contain a statement of the facts constituting the cause of action, in ordinary language.

Our statutes are designed to obviate the necessity for, and the use of all technicalities in all pleadings, and to enable every litigant to have his complaint entertained and heard on his stating the facts constituting his cause of action in ordinary and concise language. If irrelevant or redundant matter is inserted in the pleading, the opposite party should move to strike out such matter. If the allegations of the pleadings are so indefinite or uncertain that the precise nature of the complaint is not apparent, on motion of the opposite party the court will cause the same to be made definite and certain, or, this failing, will strike the pleading from the files. Code 1892, § 704.

On this branch of the case, and beyond these general observations, we think it proper only to add two particularizations, viz.: 1. The first special cause of demurrer is not well taken. On examination of the written contract, we find that the lessee—the plaintiff below—covenants to make certain specific repairs and alterations in and upon the leased store-room, and for other repairs that may be necessary, or changes which he may deem requisite. That all the repairs and alterations covenanted for on the lessee's part are limited to the leased store-room is quite manifest. 2. The eighth

special ground of demurrer is not maintainable.    Reference to the transcript before us shows that it is the " cost and carriage and value of the goods " damaged which the schedule filed with the declaration contains, but this schedule was unnecessary, and this part of the declaration may be treated as surplusage.    With this useless matter disregarded, we still find a distinct averment of the pleading that the plaintiff is injured and damaged to the value of four hundred dollars.

We come now to the consideration of the real contention between the parties, presented in the last special cause of demurrer ; and that is, to state it fairly and fully, can the lessor, in this particular case of the leasing of the lower story to the plaintiff, with retention of the upper story in his own possession and use, be held liable for necessary repairs, in the absence of any covenants to keep in repair imposed upon him by the written contract of lease, and in the absence of deceit, misrepresentation or fraud ?

The general rule that a landlord, in the absence of express covenants in the contract of lease, and in the absence of deceit or misrepresentation, cannot be held liable on any implied warranty on his part for repairs, is not called in controversy by counsel for appellant, as we understand his argument.    The correctness and the universality of the rule, as stated, are admitted ; but the lease of a lower story by a landlord, retaining the other parts of the building in his own possession and use, presents a case exceptional to the general rule, it is contended.    This position rests, as it appears to us, upon one of two grounds :    1. Either upon an implied covenant for repairs on the lessor's part, springing out of the written contract itself ; or, 2, upon the relationship of the parties to each other and to the leased premises.    The subject is not free from difficulty, nor is there wanting eminent authority for both of the grounds just mentioned of fixing liability upon the lessor.    Let us examine these in order, and in the light of the authorities cited in support of them.

The first proposition is to fix liability for repairs upon the

lessor, in the absence of any express covenants in the written contract of lease, on an implied covenant growing out of the lessee's express covenants to repair the leased store-room. In the case at bar, there are two ready answers to the contention. 1. The repairs and alterations covenanted for by the lessee are not to be supposed to refer to repairs of ordinary wear and tear. These were imposed by law, and needed no sanction of covenant. They are, as is plainly to be seen in the contract, covenants for extraordinary repairs or alterations to be made for the peculiar accommodation of the lessee's business; and, 2, and conclusively, to raise this implied covenant to repair by the lessor, would be to introduce into the written contract of the parties a most important condition, which they did not incorporate in it themselves when they reduced their agreement to writing. It would amount to an essential modification, by parol, of a written contract. It would be, not the explanation by parol of an obscurity on the face of the contract, but the substitution of one contract for another—a contract by parol for the written one made by the parties.

The case of *Bissell* v. *Lloyd et al.*, 100 Ill., 214, affords distinct support to the contention of appellant as to the implied covenant of the lessor to repair the portions of the building whose possession he retained, in order that the comfort or security of the tenant of the leased room might be maintained. But there is no attempt to fortify this conclusion of the supreme court of Illinois by reason or authority. It is the naked, dogmatic assertion of a court of last resort, and we decline to yield our assent to it.

The other ground of contention, viz.; the liability for repairs on the part of the lessor in cases where a part only of the premises are leased, and the remainder retained by the landlord, because of the relationship of the parties· to each other and to the property, seems to be clearly recognized in the case of *Toole* v. *Beckett*, 67 Me., 544. The decision and its reasoning are not satisfactory, and the vice of the opinion

is that it confounds the passivity of the landlord with affirm-ative action on his part amounting to negligence. It over-looks the fundamental principle in all leases, by which the lessor is made to "hands off" during the continuance of the lease. He may not be required to affirmatively aid the ten-ant in repairs; and he may not affirmatively act inconsist-ently with his lessee's right to possession and enjoyment. And so long as the lessor abstains from all action, he is within the line of his duty. The Maine case confounds neg-ligence with non-intervention, and is unsound.

A critical study of the cases of *Priest* v. *Nichols*, 116 Mass., 401; *Kirby* v. *Boylston Market Association*, 14 Gray, 249, and *Looney* v. *McLean*, 129 Mass.—the two former cited and sup-posed to have been followed by the court in 67 Maine, and the last relied upon by appellant's counsel—readily distin-guishes them from the Maine case and the case at bar. The case of *Kirby* v. *Boylston Market Association*, 14 Gray, de-termined that "the owner of a building, leased in several tenements, who is bound to make all necessary repairs, and has control of the passage-ways and doors for that purpose, and who keeps the keys, and opens and closes the doors of portions of the building at times fixed by occupants, is not relieved from liability for injuries caused by defects in the building, or by the falling of snow and ice therefrom." The case, on its facts, does not bear the slightest resemblance to the case at bar; nor is the opinion of the court authority for the proposition we are considering.

The case of *Priest* v. *Nichols*, 116 Mass., 401, presents a clear case of negligence in affirmative action on the land-lord's part. The landlord occupied the upper story, and negligently injured his tenant below, by water escaping from a waste-pipe and from an engine which the landlord used and had charge of. Here liability was imposed for negli-gence in affirmative action by the landlord in the use of his engine and waste-pipe.

The case of *Looney* v. *McLean*, 129 Mass., 33, held that a

landlord who lets rooms in a tenement-house to different tenants, with a right of way in common over a stair-case, is bound to keep such stair-case in repair. But that is not the case at bar.

If the weight of authority is controlling, it will be ascertained, on examination, that the current is against liability of the lessor in such case as this. See *Walker* v. *Gilbert*, 2 Robt., 214; *Doupe* v. *Genin*, 45 N. Y., 119; *Ward et al.* v. *Fagin*, 101 Mo., 669; *Cole* v. *McKey*, 66 Wis., 500; *Purcell* v. *English*, 86 Ind., 34; *Kreuger* v. *Ferrant*, 29 Minn., 385.

This line of decisions rests upon sound reason. The general rule is firmly established that no implied covenant for repairs can be raised against the lessor. The lessee cannot invoke an implied covenant of the landlord that the leased premises are fit and suitable for the lessee's business or use. The intending tenant must use his own faculties, and judge for himself if the premises he desires to lease are in repair and are suitable for his use. If he wishes to protect himself against the hazards of subsequently occurring accidents or defects requiring repairs, he must do so by proper covenants in his contract of lease. He takes his leased premises for better or for worse, as an ancient authority aptly characterizes his taking. He takes the premises as he finds them, and he must return them as nearly as possible in like condition. This necessarily involves his making repairs on the property during the term of his lease; and all this must be true—all this is true—whether he lease one room or six, the whole or a part of the house. If he rents the whole, the wisdom and necessity of his protecting himself in his contract by stipulating for repairs by his landlord appears to be not less but greater than if he rents a part only. The rule extends to the whole premises, and to every part of the premises. The duty of the tenant to examine the premises and protect himself by proper stipulations in his contract of lease, if danger is suggested by his examination, is the same in case of the leasing of a whole or of a part only. He cannot

fix liability upon his lessor by some supposed implied covenant to repair, when he had it in his power to create this covenant expressly in the written contract, and failed to do so.

*Affirmed.*