GREEN *v.* LONG.[*]

(Division B. Nov. 5, 1928.)

[118 So. 705. No. 27299.]

118

*Corpus Juris-Cyc References: Landlord and Tenant, 36CJ, section 766, p. 126, n. 65; section 941, p. 236, n. 84. On liability of landlord for damages to tenant caused by negligence in making repairs, see annotation in 34 L. R. A. (N. S.), 806; 48 L. R. A. (N. S.), 921; 15 A. L. R., 971; 16 R. C. L., 1045; 3 R. C. L. Supp. 619; 4 R. C. L. Supp. 1093.

*Friday & Windham,* for appellant.

Pack, J. Appellee sued appellant for three months' rent on a certain store building which appellant was occupying under a one-year lease. Appellant did not deny the correctness of the account sued on, but denied liability thereon, and, in a special plea of recoupment, contended that his stock of goods had been damaged by a leaky roof on the building in question in a sum exceeding plaintiff's demand.

The lease contained no express covenant requiring the owner to repair the roof during the term of tenancy. During the occupancy, however, the roof became defective and leaky, and appellee voluntarily undertook to repair, or replace, the same. In doing so the work is alleged (and the proof shows) to have been highly defective, causing damage to appellant's goods by water leaking through.

At the conclusion of the evidence, the trial court granted a peremptory instruction in favor of the appellee for the amount sued for. This action of the court is assigned as error.

Was the owner liable for damage to lessee's goods proximately caused by defective or unskillfull work in making the repairs? ⸱ This is the question presented for decision.

The general rule is that, in the absence of express covenant in the lease and in the absence of deceit and misrepresentation, there is no implied covenant that the lessor will make repairs; nor is there an implied covenant on lessor's part that the premises are suitable for the lessee's business. *Jones* v. *Millsaps et al.*, 71 Miss. 10, 14 So. 440, 23 L. R. A. 155. It is well settled, however, that, although the lease does not bind lessor to make repairs, yet if he voluntarily undertakes to make them during the term of the lease, he is liable for the want of due care in the execution of the work. This is based upon the principle of liability for negligence, and not because of any implied covenant to repair or implied consideration. This principle of law is fully stated in 16 R. C. L. 1045, as follows:

"It is the generally accepted rule that whether there is a covenant to repair or not, the lessor will be liable for injuries caused by his negligence or unskillfulness or that of his servants and employees in making repairs to the leased premises, and it has been held that a landlord undertaking to repair leased premises at the request of his tenant, when under no obligation so to do, and who assures his tenant that such repairs have been made, is answerable to the tenant if the latter, relying on such assurance, suffers injury by reason of the defects not being properly repaired. The principle that governs in such cases is that, although the landlord is not bound to repair in the absence of an express covenant to repair, where no controlling statute interferes, and though his promise to repair, made subsequent to the execution of the lease, is without consideration, and hence is unenforceable, yet if he shall voluntarily and gratuitously undertake, during the term, to repair the demised prem-

ises, he is bound in so doing to use ordinary care and diligence. He may be held responsible for his negligence or lack of care and skill, or the negligence of his servants, or those employed by him in doing what in the first instance he was not bound to do. A distinction is made by the authorities between nonfeasance and misfeasance of the landlord. In other words, the law distinguishes between the failure or refusal of the landlord to do what has he not promised to do, or is not legally bound to do, and his doing it in a negligent manner. But if the landlord voluntarily repairs and actually enters upon the carrying out of his scheme of repair, he will be responsible for the want of due care in the execution of the work, upon the principle of liability for negligence, without reference to any question of implied contract to repair, or implied consideration.''

See, also, *Horton* v. *Early,* 39 Okl. 99, 134 P. 436, 47 L. R. A. (N. S.) 314, Ann. Cas. 1915D, 825; *Ruff Drug Co.* v. *Western Iowa Co.,* 191 Iowa, 1035, 181 N. W. 408, 15 A. L. R. 962.

The ruling of the trial court holding that appellee was entitled to a peremptory instruction runs counter to this well-settled principle of law, and for this reason the cause is reversed and remanded.

*Reversed and remanded.*