CAUSEY *v.* NORWOOD.

(Division B. Sept. 24, 1934.)

[156 So. 592. No. 31091.]

Thomas Mitchell, of Magnolia, for appellant.

876

Price & Price, of Magnolia, and **Price, Cassidy & Mc-Lain,** of McComb, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Norwood, plaintiff in the court below, brought suit in the county court against the appellant, Causey, for one hundred ninety-six dollars and fifteen cents for the rent of a building leased by Norwood to Causey, the contract of lease reading as follows:

"This contract and agreement made and entered into on this the 17th day of December, A. D., 1929, by and between Joseph E. Norwood of Magnolia, Miss., party of the first part, and E. A. Causey of Magnolia, Miss., party of the second part, witnesseth:

"That the party of the first part is the owner of the two story brick store building on the hereinafter described property, and the party of the second part is desirous of leasing the entire first floor of said store building and the rear half of the second story as now partitioned;

"Now therefore, in consideration of the premises and of the payment by the party of the second part to the party of the first part, of the sum of ninety ($90) dollars per month payable on the first day of each month hereafter beginning on January 1, 1930, and extending for a period of three years, I hereby lease and let to E. A. Causey the first floor and the rear half of the second floor, as now partitioned, of the two-story brick building situated on the following described property in the town of Magnolia, Pike county, Mississippi, to-wit; Fractional part of the S½ of Lot 5, fronting twenty-five feet on Railroad avenue, and fractional part of N½ of Lot 6, fronting twenty-three and one-half feet on Railroad avenue in Square 14, situated in Magnolia, Miss.

"It is understood and agreed between the parties hereto that this lease contract is for a period of three (3) years, and that the party of the second part obligates

himself to pay for the lease of said property the sum of ninety ($90) dollars per month as rental, said payments to be made monthly and on the 31st day of each and every month during the continuance of this contract.

"It is understood and agreed further between the parties that the party of the second part shall not sub-let or sub-lease the premises or any part thereof, except to a tenant who shall be acceptable to the party of the first part and his written consent given thereto.

"It is further understood and agreed that the party of the first part replace glass now broken in the front entrance to said store building, and will repaint the front of said building down stairs; and that the lessee, party of the second part, may rearrange the inside of said building to his taste, but in such rearrangement he shall see to it that the woodwork and the present counters and shelving in said store building are not damaged, and that the party of the second part, on the termination of this contract and agreement, will deliver the said property to the party of the first part in the same or as good condition as when received by him, ordinary wear and tear excepted.

"It is agreed that the party of the second part will pay for all light and water he may use in connection with said building during the term of this contract.

"This contract executed in duplicate on this the ——— day of December, A. D. 1929."

The defendant pleaded the general issue, and also certain special pleas, the first plea of payment, and the second a plea alleging that, at the time of the execution of the contract heretofore set forth, the plaintiff had put, or caused to be put, a water system in the front part of the upper story of said building, the lower story of which was leased to Causey, and that in the month of April or May, 1932, said water system became defective and overflowed, and the overflow water ran into the first floor of the building damaging the goods and wares of the said Causey in the amount of thirteen dollars and

eighty-three cents, which he deducted, in paying the rent to said plaintiff, from the amount thereof; and further alleged that thereafter the plaintiff permitted said water system to again become defective and overflow the first floor again by which Causey was damaged in the amount of one hundred ninety-three dollars.

The defendant did not allege any contract, in any of his pleas, on the part of Norwood warranting the building to be in a safe condition, or any obligation on his part, by contract, to indemnify the defendant for any loss that might be occasioned by overflow water from the upper story of the building. In other words, there was no contract shown by proof, or alleged by pleas, which obligated the plaintiff to pay the damage occasioned by overflow of water, or any warranty by contract, or agreement, that the building leased by the defendant would be protected, in any way, against such loss.

It appeared in the evidence that the first damage from overflow was occasioned by the giving way of a faucet in the upper story due to pressure put upon it by the city in extinguishing fires; and that the second damage from overflow was occasioned by the bursting of a water pipe supplying the upper story, due to a freeze on or about December 19, 1932, said pipe being exposed to the weather.

The county court decided for the plaintiff, refusing to allow the defendant, Causey, damages claimed by him, or any damage for either of the overflows from the upper story of the building. Appeal was taken to the circuit court, and the judgment of the county court was affirmed, from which judgment of the circuit court this appeal is prosecuted.

This state is committed to the doctrine that the lessor of a building does not warrant the building to be in a good condition for the purposes of the lessee, and that the lessor is not under the duty to make repairs to the building so as to keep it in a suitable condition for the lessee, unless such obligation is specially undertaken by

the contract. Jones v. Millsaps, 71 Miss. 10, 14 So. 440, 23 L. R. A. 155. The holding in that case was adhered to in the case of Plaza Amusement Co. v. Rothenberg, 159 Miss. 800, 131 So. 350.

Applying this doctrine to the case at bar on the facts shown in the record, we think there was failure on the part of the defendant to make out any liability against the plaintiff for said damages resulting from overflow, and the judgment of the court below will be affirmed.

Affirmed.