209 So.2d 444 (1968)
Mrs. A. KASSIS
v.
Mrs. Rozella PERRONNE.
No. 44835.
Supreme Court of Mississippi.
April 15, 1968.
*445 Bryant & Stennis, Gulfport, for appellant.
Kelly McKoin, Biloxi, for appellee.
INZER, Justice:
This is an appeal by Mrs. A. Kassis from a judgment of the Circuit Court of Harrison County awarding appellee, Mrs. Rozella Perronne, the amount of $5,300 as damages for personal injuries.
Through appellant's agent appellee and her husband rented a house in Gulfport in February, 1965. At that time appellee was advised that some repairs had been made on the house and others would be made at a later date.
Sometime in November, 1965, two boards gave way when the appellee walked across the front porch. Though her foot caught on the sill, she was not injured. Appellant, advised of the defective porch, came out to the house and told appellee and her husband that she was going to repair the entire porch and have some other work done on the house. She brought several carpenters to bid on the work and finally employed one who worked early in the morning and late in the evening at irregular hours. The carpenter took the flooring off the porch and replaced it using some of the old material and some new material. He finished his repairs just before Christmas. While the work was in progress, appellant saw the repairs being made to the porch. Around 7 p.m. on January 16, 1966, appellee walked across the porch to pick up her newspaper from a part of the porch not customarily used. When she picked it up and started back to the door, the surface gave way causing appellee's left leg to go through the flooring. This caused her to suddenly and violently fall to the porch in a straddle position. She was unable to get up and began screaming. This attracted the attention of her husband who was inside the house. It took fifteen to twenty minutes for her husband and some neighbors to get appellee up and extract her leg. The board that gave way was found to be so rotten that you could crumble it in your hand.
Appellee was taken to a hospital emergency room where x-rays were made and medication was prescribed. She returned home that night and was treated by Dr. E.C. Hamilton who confined her to bed. When her condition grew worse, the doctor placed her in the hospital where she was treated for her injuries and remained there for five days. At the time of the trial, she had not completely recovered.
Appellant assigns as error three principle grounds for reversal of this case. One ground is that the trial court was in error in overruling her motion for the judgment notwithstanding the verdict of the jury. The basis for this contention is that there was a variance between the allegations of the declaration and proof on which the jury evidently based its verdict. We find no merit in this contention. While the *446 allegations of the declaration as amended are not too clear, they are sufficient to charge that the appellant agreed to make the repairs to the porch and in accordance with this agreement did actually make, through her agent, such repair but that such repairs left the porch in a defective condition. Further, that the appellant knew or should have known from the facts and circumstances that the porch was defective. It was charged that appellee's falling and sustaining injuries was the result of this carelessness and negligence on the part of appellant in permitting said porch to be and remain in a defective condition.
Appellant relies on the line of cases which hold that there is no obligation on the part of the landlord to repair as a result of a simple lease of the premises, such as we have here and that any subsequent agreement to repair is purely contractual and any liability for non-performance would be not upon negligence nor in tort but upon breach of contract. Rich v. Swalm, 161 Miss. 505, 137 So. 325 (1931). However, the case before us is founded in tort based upon appellant's negligence in failing to use due care in the performance of the repair work voluntarily undertaken by the landlord. The applicable rule is well-stated in Green v. Long, 152 Miss. 117, 119, 118 So. 705, 706 (1928) wherein it is said:
The general rule is that, in the absence of express covenant in the lease and in the absence of deceit and misrepresentation, there is no implied covenant that the lessor will make repairs; nor is there an implied covenant on lessor's part that the premises are suitable for the lessee's business. Jones v. Millsaps, et al., 71 Miss. 10, 14 So. 440, 23 L.R.A. 155. It is well settled, however, that, although the lease does not bind lessor to make repairs, yet if he voluntarily undertakes to make them during the term of the lease, he is liable for the want of due care in the execution of the work. This is based upon the principle of liability for negligence, and not because of any implied covenant to repair or implied consideration. This principle of law is fully stated in 16 R.C.L. 1045, as follows:
"It is the generally accepted rule that whether there is a covenant to repair or not, the lessor will be liable for injuries caused by his negligence or unskillfulness or that of his servants and employees in making repairs to the leased premises, and it has been held that a landlord undertaking to repair leased premises at the request of his tenant, when under no obligation so to do, and who assures his tenant that such repairs have been made, is answerable to the tenant if the latter, relying on such assurance, suffers injury by reason of the defects not being properly repaired. The principle that governs in such cases is that, although the landlord is not bound to repair in the absence of an express covenant to repair, where no controlling statute interferes, and though his promise to repair, made subsequent to the execution of the lease, is without consideration, and hence is unenforceable, yet if he shall voluntarily and gratuitously undertake, during the term, to repair the demised premises, he is bound in so doing to use ordinary care and diligence. He may be held responsible for his negligence or lack of care and skill or the negligence of his servants, or those employed by him in doing what in the first instance he was not bound to do. A distinction is made by the authorities between nonfeasance and misfeasance of the landlord. In other words, the law distinguishes between the failure or refusal of the landlord to do what he has not promised to do, or is not legally bound to do, and his doing it in a negligent manner. But if the landlord voluntarily repairs and actually enters upon the carrying out of his scheme of repair, he will be responsible for the want of due care in the execution of the work, upon the principle of liability for negligence, without reference to any question of implied contract to repair, or implied consideration." 152 Miss. at 119, 118 So. at 706.
*447 Furthermore, there was no timely objection to the testimony offered by appellee based upon the variance from the pleading. In Alexander Pool Co. v. Pevey, 247 Miss. 389, 398, 152 So.2d 451, 455 (1963) this same point was involved and we said:
(b) We will not reverse the judgment of the trial court because of a variance in the allegations in the declaration and the proof offered, unless an objection is seasonably made in the trial court, and this was not done in this case. See Sec. 1512, Miss. Code 1942, Rec. Moreover, the statute of jeofails, Sec. 1544, Miss. Code 1942, Rec., does not permit the reversal of a judgment, after verdict, for a defect in the form of the declaration. 247 Miss. at 398, 152 So.2d at 455.
Appellant also contends that the trial court was in error in granting an instruction on behalf of appellee and refusing one requested by appellant. We have carefully examined the instruction granted appellee and while it is not skillfully drawn, we do not think that the jury was mislead thereby. When all of the instructions are read together they are favorable to appellant. It was not error to refuse the instruction requested by appellant which instructed the jury that it must find that the agreement to repair was based upon valuable consideration. Here the landlord voluntarily repaired and is responsible for the want of due care in the execution of the work based upon negligence without regard to an expressed or implied contract and without regard to consideration. Green v. Long, supra.
Finally, the appellant urges that the trial court was in error in failing to sustain her motion for a new trial based upon the proposition that the verdict of the jury is so large as to evidence bias, passion and prejudice on behalf of appellee and against appellant. Dr. Hamilton testified that when he examined appellee after the fall he found her to have eckmosis in the vicinity of the left knee extending half way down the lower leg on the medial side. There was tenderness over this area about the knee. She had pain in her back and there was tenderness over the spine and the muscles on each side of the spine. She also had abrasions over an extended area of her body. There was tenderness and pain in the right chest muscle area. Dr. Hamilton prescribed medication to relieve the pain and other medication to overcome the effect of the muscle spasms. He treated the abrasions and prescribed the use of external heat. Appellee remained at home and in bed most of the time for five weeks, but her condition grew worse. Dr. Hamilton said that he placed her in the hospital because of the intensified pain which had grown worse. It was thought that traction would be necessary but was not used when she responded to hospital treatment. Appellee returned home and at the time of the trial, a year later, was still under the care and treatment of Dr. Hamilton. He also stated that he did not think that appellee's injuries were permanent, but that there was a presence of a painful condition of the lower spine and the neck at the time of the trial. It was his opinion that in the passage of time they would clear up. It had been his experience that such injuries usually did clear up within two years after the accident. He stated that he considered appellee to be totally disabled for the performance of her usual household duties until approximately March 1, 1966, and that since that time she had been partially disabled. He explained that with this type of injury she might go for several days or even weeks without much trouble and then have an attack that would last for several days during which time "she probably wouldn't be much good as a housewife or anything else."
Appellee testified that she stayed in bed for four months after the accident and that she suffered great pain at all times. She said she still had trouble with her back, neck and knee. She is unable to kneel and was unable to attend church until shortly before the trial. Since she resumed going to church, she could not follow the custom of kneeling. Her testimony is corroborated *448 by her husband and other members of the family. It was the function of the jury to consider the extent of the injuries in fixing the damages and we have said many times the fixing of damages in a personal injury case is a difficult thing to do and that this is primarily the province of the jury and we will not disturb its verdict unless the amount is so excessive or so small as to be against the great weight of the evidence and shows that the verdict is the result of bias, passion and prejudice. The jury saw appellee in the courtroom and heard her testify and observed her during the course of the trial. They found that the monetary value of her injuries was $5,300. The trial judge likewise heard the testimony and observed the witness and he was of the opinion that the verdict of the jury was not so large as to evidence bias, passion and prejudice. We are not bound by his decision, but his action upon a motion for a new trial on the ground of excessiveness or inadequacy of the verdict of the jury will be favorably considered on appeal and will be upheld unless manifest error appears or we can say that he abused his discretion. We have carefully considered the evidence in this case and we cannot say that it is so large as to be shocking to our conscience or is the result of bias, passion and prejudice on the part of the jury.
For the reasons stated we are of the opinion that this case should be affirmed.
Affirmed.
ETHRIDGE, C.J., and JONES, PATTERSON and ROBERTSON, JJ., concur.