IRVING, J.,
for the court.
¶ 1. Thelma Washington, Irene Epps, Zenester Moore, Loevern Buchanan and *744 Betty Wren (Appellants) filed suit against Casino America, Inc., doing business as the Isle of Capri of Vicksburg, seeking to recover damages allegedly sustained in an automobile accident that occurred on the premises of the Casino. The Warren County Circuit Court granted summary judgment in favor of the Casino. The Appellants have appealed that decision.
FACTS
¶2. All of the Appellants herein were passengers in an automobile which was owned and being driven on the parking lot of the Casino by Washington. Washington was attempting to turn into a parking space which had just been vacated when another vehicle collided with her automobile. Travis Lewis, a Casino security officer, was patrolling the parking lot at the time and, having observed the two vehicles, went to the scene. Lewis prepared a written report of the incident in which he indicated that he thought that the drivers of the two automobiles were having an argument over the parking space. Consequently, he asked the male driver to allow the female driver to have the parking space and told the male driver that he would assist him in finding another parking space. The male driver then drove away. Lewis wrote in his report that it was only after the male driver had driven away that he was informed by the female driver that an accident had occurred. His report states that he observed only a small dent to the bumper of Washington’s automobile. The male driver, who left the scene, has never been identified.
¶ 3. One of Washington’s passengers attempted to get the tag number of the vehicle; however, that attempt was fruitless. An officer with the Vicksburg Police Department also came to the scene but refused to get involved in the matter because it occurred on private property. Washington later went to the Vicksburg Police Department and personally filed a complaint about the accident.
¶ 4. The suit filed by the Appellants sought to recover damages for injuries allegedly sustained in the collision on the grounds that (1) the Casino was responsible for policing and investigating the parking lot and (2) the failure of the Casino (a) to keep the adverse vehicle on the scene, (b) to obtain information necessary to determine the adverse driver’s identity, (c) to properly investigate the subject incident, and to otherwise properly supervise and police the subject premises.
¶ 5. In its order granting summary judgment, the lower court found that the Casino merely responded to an accident on its premises and the “fact that the [Casino’s] employee responded to the accident and was given some information, i.e., names of parties involved, did not create a duty on the part of the [Casino] to the [Appellants] to gather and retain information, or restrain a third party from leaving the premises.” The lower court further held that the Appellants “failed to establish a legal duty owed to them by the [Casino] that was breached.”
ANALYSIS OF ISSUE PRESENTED
¶ 6. Mississippi appellate courts apply a de novo standard of review to a lower court’s grant or denial of summary judgment. Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002(¶ 7) (Miss.2001). Summary judgment is allowed where there is no genuine issue of material fact, and the moving party is entitled to summary judgment as a master of law. ■ M.R.C.P. 56(c). On appeal, the lower court’s decision is reversed only if it appears that triable issues of fact remain when the facts are viewed in the light most favorable to the nonmoving party. Robinson v. Singing *745 River Hosp. Sys., 732 So.2d 204, 207(¶ 12) (Miss.1999).
¶ 7. The Appellants’ theory of liability against the Casino is that the Casino voluntarily assumed a governmental function, i.e., the investigation of traffic accidents on its premises and, having done so, was under a duty to perform that duty in a nonnegligent manner. The negligence that is alleged is in regard to the security officer’s failure to properly investigate the accident. More specifically, the Appellants claim that his failure to obtain information on the identity of the other driver while at the same time acting in a manner which allegedly prevented them from obtaining such information themselves left them without a means to seek redress for their injuries. The Appellants concede the novelty of their theory and the attendant lack of supporting authority. However, we find helpful, though not dispositive on our facts, the reasoning in the cases of Grimm v. Arizona Board of Pardons and Paroles, 115 Ariz. 260, 564 P.2d 1227 (Ariz.1977), and Kassis v. Perronne, 209 So.2d 444 (Miss.1968).
¶ 8. In Grimm, a man who had been shot by a parolee and the parents of a man who was killed by the parolee during a robbery brought action against the Arizona Board of Pardons and Paroles. Grimm, 115 Ariz. at 260, 564 P.2d at 1227. The Superior Court of Pima County granted the Board’s motion for summary judgment and the plaintiffs appealed. The Arizona Supreme Court held that members of the State Board of Pardons and Paroles owed a duty to individual members of the general public of avoiding grossly negligent or reckless release of a highly dangerous prisoner, and that genuine issues of fact existed as to whether release of the prisoner was grossly negligent or reckless, precluding summary judgment for members of the Board. Id. The court stated the following in its holding:
The Board of Pardons and Paroles in this instance has narrowed its duty, from ■one owed to the general public to one owed to individuals by assuming parole supervision over, or taking charge of, a person having dangerous tendencies.... Here the Board members voluntarily assumed responsibility for a highly dangerous person who could be paroled only by Board action. It is black letter tort law that while inaction is not normally a basis for liability, negligent performance of a duty voluntarily undertaken may be a basis for liability.
Id. at 267, 1234 (citations omitted) (emphasis added).
¶ 9. Kassis v. Perronne involved injuries suffered by a tenant from faulty repair work done by the landlord. In affirming a verdict in' favor of the tenant, the court held:
It is well settled, however, that, although the lease does not bind lessor to make repairs, yet if he voluntarily undertakes to make them during the term of the lease, he is liable for the want of due care in the execution of the work. This is based upon the principle of liability for negligence, and not because of any implied covenant to repair or implied consideration.
Kassis, 209 So.2d at 446.
¶ 10. The Appellants in the case' at bar point out that under the laws of this state the highway patrol; local sheriffs and local police departments have a clear duty to investigate and report accidents pursuant to Mississippi Code Annotated section 63-3-411 (Supp.2001). The report of accidents contemplated by the statute, according to the Appellants, include the making and filing of a written report which includes the names, addresses and telephone numbers of persons involved in the acci *746 dent. They argue that the Casino, by providing a private parking lot for its patrons’ use and providing security personnel to patrol the lot, undertook to assume the duties of the local police department. Having done so, the Casino was obligated to perform these duties in a nonnegligent manner, particularly in light of the fact that the local police lacked the authority to investigate accidents on the Casino’s premises.[1]
¶ 11. The Casino argues that whether it owed a duty to the Appellants is a question of law, and not of fact, and cites to the case of Lyle v. Mladinich, 584 So.2d 397, 400 (Miss. 1991), as authority. The cited authority for Lyle was Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La. 1984). Hams holds that, while generally there is no duty to protect others from the criminal activities of third persons, when a duty to protect others against such criminal misconduct has been assumed, liability may be created by a negligent breach of that duty. Harris, 455 So.2d at 1371.
¶ 12. We see no need to address the question of whether the Casino assumed a duty to investigate and report traffic accidents occurring in its parking lot. As previously observed, the trial court held that the Appellants “failed to establish a legal duty owed to them by the [Casino] that was breached.” We agree with the trial court that no duty was breached even if, on the facts of this case, one was owed. As we explain in the following paragraph, there simply is no genuine issue of material fact as to whether, in this instance, the security officer was negligent in the performance of that duty.
¶ 13. The undisputed fact is that the security officer was acting under the misapprehension that what he was witnessing in the parking lot when he arrived on the scene was a dispute over a parking space. The officer’s conduct in asking the male driver to allow the female driver to occupy the parking space was his attempt at resolving that dispute and was completely reasonable. In order for the male driver to comply with the officer’s request, it was necessary that the driver move the automobile. Consequently, the officer would not have had any reason to try to prevent the driver from moving the automobile or to question the driver’s identity.
¶ 14. It is also undisputed that there was no physical evidence of an automobile collision to alert the security officer to that fact, other than a small dent on the bumper of the appellants’ vehicle, which apparently was not even noticeable to the officer until it was pointed out. Consequently, not having any way of knowing that an accident had occurred, the security officer’s conduct was beyond reproach.
¶ 15. It is unfortunate that the male driver took advantage of the situation and allowed the officer to believe that it was merely a parking space dispute and not an accident that had occurred and then absconded; however, in the absence of any evidence that the security officer knew or should have known that an accident had taken place, there can be no finding of negligence on the part of the officer or the Casino.
¶ 16. Consequently, upon review of the facts in this case in the light most favorable to the Appellants, this Court does not find a genuine issue of material fact war *747 ranting a trial on the merits. Therefore, we agree with the learned trial judge’s decision to grant summary judgment in favor of the Casino.
¶ 17. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.

. The Appellants argue, without supporting authority, that the local police lacked the authority to investigate the accident on the premises of the Casino. We know of no such limitation on the authority of the local police. Indeed, Mississippi Code Annotated section 63-3-411 (Supp.2001) does not restrict the investigative authority of law enforcement officers to accidents occurring upon the public roads only of this state.